

**Littler Mendelson, P.C.**
900 Third Avenue
New York, NY 10022.3298

George B. Pauta
212.497.8483 direct
212.583.9600 main
646.417.6202 fax
gpauta@littler.com

November 14, 2013

**VIA ECF**

Hon. Analisa Torres, U.S.D.J.
United States District Court, S.D.N.Y.
500 Pearl Street
New York, NY 10007

Re:   ***Salinas v. Starjem Restaurant Corp. (d/b/a Fresco by Scotto), et al.***
      **Civil Action No. 13 Civ. 02992 (AT)(DCF)**

Dear Judge Torres:

This Firm represents Starjem Restaurant Corp. d/b/a Fresco by Scotto (hereinafter "Fresco"), Marion Scotto and Anthony Scotto (collectively "Defendants") in the above-referenced matter. We write in response to Plaintiffs' counsel's November 7, 2013 pre-motion letter requesting a pre-motion conference for Plaintiffs' anticipated motion for conditional certification pursuant to the Fair Labor Standards Act (FLSA).[1]

Plaintiffs' Complaint pleads, *inter alia*, a collective action against Defendants for various alleged violations of the FLSA. Specifically, the Complaint alleges that Fresco violated the FLSA by allegedly (1) failing to provide notice of the tip credit to Plaintiffs and putative FLSA collective action members; (2) requiring Plaintiffs and putative FLSA collective action members to pool their tips with non-tip eligible employees; (3) requiring Plaintiffs and putative FLSA collective action members to share their tips with purported managers; and (4) failing to pay Plaintiffs and putative FLSA collective action members for all hours worked or proper overtime by virtue of paying a "shift pay" regardless of the hours worked.

At this point in time, Plaintiffs seek to make a motion for conditional certification without the parties having engaged in any testimonial discovery. While we respect Plaintiffs' right to pursue a motion in this matter, we respectfully submit that Defendants should have an opportunity to conduct a reasonable amount of testimonial discovery prior to Plaintiffs making their motion. This

As Plaintiffs note, this is not the first attempt to pursue class claims against Fresco. In *Gillian et al. v. Starjem Rest. Group et al.*, 10-Civ-6056 (JSR), the plaintiffs made similar allegations against Fresco, including (1) that Fresco failed to pay employees for all hours worked and

---

[1] Plaintiffs' November 7, 2013 pre-motion letter also indicates that Plaintiffs seek conditional certification on claims not subject to conditional certification under the FLSA (*e.g.*, state law claims relating to service charges).

Hon. Analisa Torres, U.S.D.J.
November 14, 2013
Page 2

proper overtime under the FLSA by virtue of paying a "shift pay;" and (2) that the restaurant included non-tip eligible employees in the tip pool. In *Gillian*, Judge Jed S. Rakoff denied the plaintiffs' motion for conditional certification, holding that they had failed to establish that they were similarly situated to the putative collective action members. In so holding, Judge Rakoff noted the individualized inquiry that was necessary to determine whether Fresco's alleged pay scheme, the same pay scheme at issue in this case, violated the minimum wage and overtime provisions of the FLSA. Indeed, he stated that "the issue of whether Fresco's alleged rules violated the minimum wage and overtime provisions of the FLSA depends on the number of hours each individual worked on a particular shift, as well as the number of hours each individual worked in a particular week." *Gillian v. Starjem Rest. Corp.*, 2011 U.S. Dist. LEXIS 115833, at *19 (S.D.N.Y. Oct. 4, 2011). Judge Rakoff also noted that there was an inherent conflict, which also exists in this case, because the individuals the plaintiffs alleged could not participate in the tip pool (stockers and expeditors), were the very same individuals they purported to represent. *Id.* at *19-20 (finding "since the stocker position is rotated among busboys and since the expediter position is rotated among runners, plaintiffs cannot fairly represent busboys and runners, because busboys and runners also serve as stockers and expediters and thus have an interest in their participation in the tip pool being validated").

Judge Rakoff's decision in *Gillian* underscores Defendants' need for testimonial discovery to show that conditional certification is similarly not appropriate in this case. This is particularly true since Plaintiffs' motion will include their "shift pay" claim and their claim that stockers and expeditors (the very same positions they and the collective class they seek to represent have occupied at times) are not eligible to share in tips. Without testimonial discovery, Defendants ability to present evidence demonstrating that the very reasons for Judge Rakoff's denial exist in this case as well will be limited.

Judicially authorized notice and the granting of conditional certification is an extraordinary act of Court intervention and it is not automatic. *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). Further, "[t]hough the first stage of class certification only requires a 'modest factual showing,' it must be sufficient to demonstrate that plaintiffs and potential class members were victims of a *common scheme or plan that violated the law.*" *Morales v. Plantworks, Inc.*, No. 05 CV 2503, 2006 U.S. Dist. LEXIS 4267 (DC), *5 (S.D.N.Y. Feb. 2, 2006) (emphasis added). As the court noted in *Rudd v. T.L. Cannon Corp.*, 3:10-CV-0591 (TJM/DEP), 2011 U.S. Dist. LEXIS 21061, at *17 (N.D.N.Y. Jan 4, 2011), "[a]lthough the standard governing plaintiffs' application is lax and their burden modest, a court must nonetheless take a measured approach when addressing a request for collective action certification, mindful of the potential burdens associated with defending against an FLSA claim involving a large and broadly defined collective group of plaintiffs."

Here, as in *Gillian*, the determination of whether this case is suitable for issuance of court-assisted notice (and whether any alleged violations of laws are truly common to the class) will inevitably involve a fact-specific inquiry. Thus, if Plaintiffs are permitted to make this motion prior to allowing Defendants the opportunity to conduct some reasonable measure of

Hon. Analisa Torres, U.S.D.J.
November 14, 2013
Page 3

testimonial discovery into the nature and extent of the individual claims and whether they are common to the class, the Court will not be provided with a full and fair record. A developed record with respect to these questions is essential to the process and any proper adjudication of this important issue.

Indeed, not surprisingly, courts have denied motions of this nature on similar undeveloped or incomplete records. *See, e.g.*, *Guan Ming Lin v. Benihana Nat'l Corp.*, 10 Civ. 1335 (VM) (JCF), 2010 U.S. Dist. LEXIS 132871 (S.D.N.Y. Nov. 9, 2010), adopted by 755 F. Supp. 2d 504 (S.D.N.Y. 2010) (denying conditional certification on minimum wage, overtime, and tools of the trade claims based on lack of evidence but granting leave for plaintiffs to renew after discovery); *Prizmic v. Armour*, 05-CV-2503, 2006 U.S. Dist. LEXIS 42627, at *7-8 (E.D.N.Y. June 12, 2006) (denying conditional certification for failure to meet the minimal factual showing because "[a]bsent such a showing, an employer may be unduly burdened by a frivolous fishing expedition conducted by plaintiff at the employer's expense") (emphasis and quotation marks omitted); *Morales v. Plantworks, Inc.*, No. 05 Civ. 2349 (DC), 2006 U.S. Dist. LEXIS 4267, at *7 (S.D.N.Y. Feb. 2, 2006) (denying motion for conditional certification and notice authorization where plaintiffs offered "nothing of evidentiary value" and noting that when "conditional certification is denied, the court may allow discovery to provide plaintiffs a second opportunity to obtain sufficient evidence of a collective to warrant conditional certification and the notice to opt in") (quoting Wright, Miller, & Kane, 7B Federal Practice and Procedure § 1807, at 495-96).

Defendants recognize that Plaintiffs will ultimately have an opportunity to make the requested motion. By the same token, Defendants must be provided with an opportunity to fully and fairly oppose that motion for numerous reasons, including the same ones Judge Rakoff relied upon in denying conditional certification in the *Gillian* case. Allowing this motion to proceed, without any testimonial discovery, will effectively preclude such an opportunity and deprive Defendants of this right.[2]

\*       \*       \*

For the foregoing reasons, Defendants respectfully submit that Plaintiffs' early request for pre-motion conference to file a motion for conditional certification be denied. In the alternative, Defendants request that the submission date of the motion be set at such time in the future as to allow the Defendants enough time to conduct a reasonable amount of testimonial discovery.

Thank you for your time and consideration of this matter.

---

[2] Plaintiffs' note that Defendants' consented to initial certification of an FLSA collective action in another pending matter is irrelevant and of no import. Defendants' consent in a case involving a different putative class with different claims cannot serve as evidence that Defendants are causing Plaintiffs to engage in "unnecessary, expensive, and time-consuming motion practice" or, for that matter, that Plaintiffs' are entitled to conditional certification.

Hon. Analisa Torres, U.S.D.J.
November 14, 2013
Page 4


Respectfully submitted,

s/George B. Pauta

cc:  Plaintiffs' counsel (via e-mail)


Firmwide:124154028.2 067257.1003