UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENRIQUE SALINAS , ALFREDO RODRIGUEZ, ANGEL CEDENO, CHRISTIAN URGILES, FRANCISCO LUGO, JOSE AMEZQUITA, LUIS ROBALLO, MIGUEL CERVANTES, NAHUN FLORES, PABLO ALVARADO, PABLO FRANCISCO-LOPEZ, VALENTIN XOCHIPILTECATL and VICENTE LEON, individually and on behalf of others similarly situated, | Index No. 13 CV 2992 (AT) **[PROPOSED] JOINT PRE-TRIAL ORDER** |
| Plaintiffs, | |
| -against- | |
| STARJEM RESTAURANT CORP (d/b/a FRESCO BY SCOTTO) MARION SCOTTO and ANTHONY SCOTTO, | |
| Defendants. | |

In accordance with the August 7, 2014 Final Pretrial Scheduling Order (Dkt. 49) and pursuant to Rules V.B. and V.C. of the Court's Individual Practices, the Parties submit the following Joint Pre-Trial Order for the Court's consideration. For the purposes of this Pre-Trial Order, the restaurant operated by Defendants is referred to throughout as "Fresco" or "the Restaurant."

I.   **CASE CAPTION**

The full caption of this action is set forth above.

II.   **TRIAL COUNSEL**

The names, law firms, addresses, and telephone and fax numbers of trial counsel are:

| | |
|---|---|
| Michael A. Faillace, Esq. | Craig R. Benson, Esq. |
| Joshua Androphy Esq. | Naveen Kabir, Esq. |
| Shawn Clark, Esq. | Littler Mendelson, P.C. |
| Michael Faillace & Associates, P.C. | Attorneys for Defendants |
| Attorneys for Plaintiffs | 900 Third Avenue |

60 East 42nd Street, Suite 2020      New York, New York 10022
New York, NY 10165      Telephone:  (212) 583-9600
Telephone:  (212) 317-1200      Fax:  (212) 832-2719
Fax:  (212) 317-1620      Benson Cell: 914-589-8444
Faillace Cell: (917) 331-2205      Kabir Cell: 650-387-2354
Androphy Cell: (646) 539-8228      cbenson@littler.com
Clark Cell: (551) 206-1880      nkabir@littler.com
michael@faillacelaw.com
JAndrophy@faillacelaw.com
SClark@faillacelaw.com

## III.    TRIAL BY MAGISTRATE

All parties have not consented to trial by a U.S. Magistrate Judge.

## IV.    JURISDICTION

Jurisdiction of this Court exists pursuant to the Fair Labor Standards Act, (FLSA), 29 U.S.C. §216(b), and 28 U.S.C. § 1331 and 1337.  Supplemental jurisdiction exists over the pendent state law claims (New York Labor Law ("NYLL") §§ 652, 663, and New York Code Rules and Regulations ("NYCRR") §§ 142–2.2, 142–2.4) pursuant to 28 U.S.C. § 1367 because the claims arise from a common nucleus of operative facts.

## V.    CLAIMS AND DEFENSES TO BE TRIED

### A.    Plaintiffs

1.     Plaintiffs assert that the following claims and defenses are to be tried:

     a.     Whether, as bussers or runners, Plaintiffs were eligible to be paid at a reduced tip-credit rate under the FLSA and NYLL;

     b.     Whether the stocker, coffee guy, bar back, and expediter assignments were tip-eligible occupations;

     c.     Whether Plaintiffs' distributions from Fresco's tip pool were decreased by any tips distributed to any non-service employees;

     d.     Whether Plaintiffs' distributions from Fresco's tip pool were decreased by tips distributed to any managers considered to be an "employer" under the FLSA or "agents of the employer" under the NYLL (*i.e.*, Brent Drill, prior to January 2013, and/or Attilio Vosilla);

e.    Whether Defendants were permitted to exclude family meal times scheduled during lunch and dinner shifts from Plaintiffs' compensation;

f.    Whether, prior to June 2011, Plaintiffs Salinas, Urgiles, Roballo, Caravantes, Flores, Alvarado, Francisco-Lopez, Xochipiltecatl or Leon ever worked more than 40 compensable hours per week without being paid an overtime premium of time-and-a-half their regular (tipped) rate of pay;

g.    Whether, prior to June 2011, Plaintiffs Salinas, Urgiles, Roballo, Caravantes, Flores, Alvarado, Francisco-Lopez, Xochipiltecatl and/or Leon were compensated for all hours worked when Defendants paid them based on the number of shifts worked, without recording all hours worked;

h.    Whether Plaintiffs Salinas, Rodriguez, Cedeno, Urgiles, Roballo, Caravantes, Flores, Alvarado, Francisco-Lopez, Xochipiltecatl or Leon, ever worked one or more double shifts spanning more than 10 hours and did not receive an extra hour's pay at the minimum wage rate in their paycheck that week;

i.    Whether after June 2011, Plaintiffs Salinas, Rodriguez, Cedeno, Urgiles, Lugo, Amezquita, Roballo, Caravantes, Flores, Alvarado, Francisco, and Leon were compensated for all hours worked, or were undercompensated due to (i) subtractions made from their recorded time worked, (ii) work they performed when Defendants' time clock system was not functioning, and/or (iii) work they performed after punching out, or without punching in, to the time clock system.

j.    Whether Plaintiffs were provided adequate notice of Defendants' tip-credit policy under the FLSA and NYLL;

k.    Whether Plaintiffs were required to wear a uniform within the meaning of 12 N.Y.C.R.R. § 137-3.13 (prior to January 1, 2011) or 12 N.Y.C.R.R. § 146-3.10 (after January 1, 2011);

l.    Whether Plaintiffs purchased any clothing deemed to be a uniform themselves and are entitled to recover the cost of such purchases under 12 N.Y.C.R.R. § 137-3.1.8 (prior to January 1, 2011) or 12 N.Y.C.R.R. § 146-1.8 (after January 1, 2011);

m.    Whether Defendant Marion Scotto is an "employer" under the FLSA and/or NYLL;

n.    Whether Defendants acted "willfully" within the meaning of 29

-3-

U.S.C. § 255(a):

(i)      If not, then only a two-year statute of limitations applies to Plaintiffs' FLSA claims (*i.e.*, from May 4, 2011), and Plaintiffs are not entitled to liquidated damages under NYLL §§ 198(1-a), 663(3) for any violations that may have occurred before November 24, 2009;

(ii)     Otherwise, a three-year statute of limitations period (*i.e.*, from May 4, 2010) applies to Plaintiffs' FLSA claims, and Plaintiffs are entitled to liquidated damages under NYLL §§ 198(1-a), 663(3) for any violations that may have occurred before November 24, 2009; and

o.       Whether Defendants have established that they acted in good-faith and had reasonable grounds for believing that the Restaurant's tip pooling and compensation practices were not in violation of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, thereby precluding an award of liquidated damages under the FLSA and/or the NYLL (after November 24, 2009).

2.   Plaintiffs assert that the following claims and defenses are <u>not</u> to be tried:

a.       Plaintiff Valentin Xochipiltecatl will not try any NYLL § 195(1) or NYLL § 195(3) claims, as his employment with Fresco ended on August 1, 2010 (*i.e.*, prior to the enactment of the Wage Theft Prevention Act);

b.       The overtime claims accruing on or after June 13, 2011 for Plaintiffs Caravantes and Alvarado are not to be tried, as they did not work a sufficient number of weekly shifts;

c.       Plaintiffs' uniform maintenance claims are not to be tried.

**B.    Defendants**

1.   **Defendants assert that the following claims and defenses are to be tried:**

a.       Whether, as bussers or runners, Plaintiffs were tip-eligible employees;

b.       In light of their overall responsibilities, whether the busser assignment of stocker and the runner assignment to assist the expediter (chef or sous chef) during a portion of the service, were tip-eligible positions;

c.       Whether Plaintiffs' distributions from Fresco's tip pool were decreased by any tips distributed to any non-service employees;

d.     Whether, prior to January 1, 2011, the 20% service charge imposed for private parties constituted a "gratuity" under NYLL § 196-d;

e.     Whether Plaintiffs' distributions from Fresco's tip pool were decreased by gratuities distributed to any managers considered to be an "employer" under the FLSA or "agents of the employer" under the NYLL (*i.e.*, floor captain Brent Drill, prior to January 2013, and/or party captain Attilio Vosilla, prior to June 2011);

f.     Whether Plaintiffs worked during the 30-minute breaks during the family meal times scheduled during lunch and dinner, and if so, whether Defendants had knowledge of any such work;

g.     Whether, prior to June 2011, Plaintiffs Salinas, Urgiles, Roballo, Cervantes, Flores, Alvarado, Francisco-Lopez, Xochipiltecatl or Leon ever worked more than 40 compensable hours per week without being paid an overtime premium of time-and-a-half their regular (tipped) rate of pay;

h.     Whether, prior to February 14, 2011, Plaintiffs Salinas, Rodriguez, Cedeno, Urgiles, Roballo, Cervantes, Flores, Alvarado, Francisco-Lopez, Xochipiltecatl or Leon, ever worked one or more double shifts spanning more than 10 hours and did not receive an extra hour's pay of minimum wage in their paycheck that week;

i.     For the time period between May 2010 and March 2011, whether Plaintiffs Salinas, Urgiles, Roballo, Cervantes, Alvarado and Xochipiltecatl were provided adequate notice of Defendants' tip makeup pay policy;

j.     Whether, after March 2011, Defendants provided adequate notice(s) of pay required under NYLL §§ 195(1), 195(3), and if not, whether Defendants may be liable if Fresco made complete and timely payments of the wages due and/or reasonably believed in good-faith that it was not required to provide the employee with the requisite notices per  NYLL §§ 198(1-b), 198(1-d);

k.     Whether Plaintiffs were required to wear a uniform within the meaning of 12 N.Y.C.R.R. § 137-3.13 (prior to January 1, 2011) or 12 N.Y.C.R.R. § 146-3.10 (after January 1, 2011);

l.     Whether Plaintiffs purchased any clothing deemed to be a uniform themselves and entitled to recover the cost of such purchases under 12 N.Y.C.R.R. § 137-3.1.8 (prior to January 1, 2011) or 12 N.Y.C.R.R. § 146-1.8 (after January 1, 2011);

m.     Whether, as indirectly tipped employees, Plaintiffs can seek

-5-

misdirected tip damages for any shifts they claim they were ineligible to receive tips as non-service employees;

n.  Whether Defendant Marion Scotto is an "employer" under the FLSA and/or NYLL;

o.  Whether Defendants acted "willfully" within the meaning of 29 U.S.C. § 255(a):

  (i)  If not, then only a two-year statute of limitations applies to Plaintiffs' FLSA claims (*i.e.*, May 4, 2011 to May 3, 2013), and Plaintiffs are not entitled to liquidated damages under NYLL §§ 198(1-a), 663(3) for any violations that may have occurred before November 24, 2009;

  (ii)  Otherwise, a three-year statute of limitations period (*i.e.*, from May 4, 2010 to May 3, 2013) applies to Plaintiffs' FLSA claims; and

p.  Whether Defendants acted in good-faith and had reasonable grounds for believing that the Restaurant's tip pooling and compensation practices were not in violation of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, thereby precluding an award of liquidated damages under the FLSA and/or the NYLL (after November 24, 2009).

2.  **Defendants assert that the following claims and defenses are <u>not</u> to be tried:**

a.  In light of their overall responsibilities, whether the busser assignments of bar back and coffee station were tip-eligible positions.;

b.  Plaintiff Valentin Xochipiltecatl will not try any NYLL § 195(1) or NYLL § 195(3) claims, as his employment with Fresco ended on August 1, 2010 (*i.e.*, prior to the enactment of the Wage Theft Prevention Act);

c.  The NYLL §195(1) claims of Plaintiffs Salinas, Rodriguez, Cedeno, Urgiles, Lugo, Amezquita, Roballo, Cervantes, Flores, Alvarado, Francisco-Lopez and Leon are not to be tried;

d.  Whether the 3% administrative fee for private parties imposed after June 2011 constitutes a "gratuity" under NYLL § 196-d and 12 N.Y.C.R.R. § 146-2.18;

e.  Whether Anthony Scotto or Marion Scotto received any portion of a private party gratuity or administrative fee;

     f.     Plaintiffs do not assert any off-the-clock claims for the time period the Restaurant utilized an electronic timekeeping system;

     g.     The overtime claims accruing after June 2011 for Plaintiffs Cedeno, Urgiles, Amezquita, Caravantes and Alvarado are not to be tried, as they did not work a sufficient number of weekly shifts;

     h.     The NYLL §195(3) claims of Plaintiffs Cedeno, Urgiles, Amezquita, Caravantes and Alvarado are not to be tried, insofar as Plaintiffs do not allege any § 195(3) violations other than the number of hours reported on their weekly paycheck;

     i.     The spread-of-hours claims accruing after February 2011 are not to be tried;

     j.     Plaintiffs' uniform maintenance claims are not to be tried.

## VI.   ESTIMATED NUMBER OF DAYS FOR TRIAL

**The Parties** estimate that the number of non-jury trial days needed in this action is **seven (7) to ten (10)** days.

## VII.   STIPULATIONS OF FACT AND LAW

### A.   Stipulations Previously Ordered by the Court

1.     The document that was marked as Exhibit P-16 at the deposition of Attilio Vosilla's deposition is an authentic printout of the LinkedIn profile page written by Mr. Vosilla as it existed on December 26, 2013. (Dkt. 41 ¶ I Apr. 4, 2014 Stip. & Order.)

2.     The Complaint adequately alleges that Plaintiffs were not paid for all of the hours they worked. (Dkt. 41 ¶ III Apr. 4, 2014 Stip. & Order.)

### B.   Additional Joint Stipulations of Fact by the Parties

1.     Plaintiff Enrique Salinas worked as a busser at Fresco from January 1, 2006 until April 26, 2013. As a busser, he was assigned to work in various assignments that were rotated among the bussers, including stocker and bar back.

2.     Plaintiff Alfredo Rodriguez has worked at Fresco as a busser since March 1, 2011 and is still currently employed at the Restaurant today.

3.     Plaintiff Angel Cedeno has worked as a busser Fresco since March 1, 2011 and is still currently employed at the Restaurant today.

4. Plaintiff Christian Urgiles worked as a busser at Fresco from January 1, 2006 until April 23, 2013.

5. Plaintiff Francisco Lugo worked as a busser at Fresco from November 1, 2011 until February 7, 2014.

6. Plaintiff Jose Julian Amezquita worked as a busser at Fresco from January 1, 2012 until August 27, 2013.

7. Plaintiff Luis Roballo worked as a busser at Fresco from December 1, 2009 until April 4, 2013.  As a busser he was assigned to various assignments rotated among the bussers, including stocker, coffee station and bar back.

8. Plaintiff Miguel Caravantes worked at Fresco from September 21, 1999 until February 21, 2013.  Throughout the vast majority of his employment, Plaintiff Caravantes worked as a busser (when he was also periodically assigned to work at the coffee station) but also worked as a food runner during his last year at Fresco.

9. Plaintiff Nahun Flores worked as a busser and food runner at Fresco from May 1, 1998 until May 1, 2013.  As a busser he was assigned to work at the coffee station, as a bar back, and in the stocker assignment.

10. Plaintiff Pablo Alvarado worked as a food runner at Fresco from October 8, 1998 until November 13, 2012.  As a food runner, he was occasionally assigned to help the chef coordinate orders and organize the trays in the kitchen before they were carried into the dining room.

11. Plaintiff Pablo Francisco worked as a busser at Fresco from November 1, 2007 until January 15, 2012.

12. Plaintiff Valentin Xochipiltecatl worked as a busser at Fresco from June 17, 2009 until November 3, 2010.

13. Plaintiff Vicente Leon has been employed at Fresco since January 1, 1999 and continues to work at the Restaurant today.  From 1999 until around 2012, Plaintiff Leon worked as a busser and periodically assigned to work at the coffee station or in the stocker assignment.  Since 2012 he has worked primarily as a food runner.

14. Beginning in March 2011, the Restaurant has provided food runners and bussers written notice of the hourly and overtime pay rates applicable to tipped food service employees at least once a year and/or at the time of hire.  The notice forms issued by the Restaurant explain that food service workers who do not receive sufficient tips to make up the difference between the tipped and full minimum wage and overtime hourly rates will be paid additional wages to make up the difference.  Until July 2012, these

forms were only provided in English. Beginning in July 2012, these written notices were provided in both English and Spanish.

15. Family Meal: the Restaurant provides a meal for employees before lunch and dinner service. The family meal is scheduled from 10:30 AM to 11:00 AM for lunch shifts and from 4:30 PM to 5:00 PM for dinner shifts.

16. Prior to June 2011, Fresco by Scotto imposed a 20% service charge for all private events. 85% of this charge (equal to 17% of the bill) was paid into the Restaurant's tip pool, while the remaining 15% (equal to 3% of the bill) went to the party captain overseeing the event.

17. Brent Drill ceased serving as a floor captain in Fresco's tip pool effective January 1, 2013.

## C.    Stipulations of Law

1. Defendant Starjem Restaurant Corp. d/b/a Fresco by Scotto ("Starjem") constitutes an enterprise engaged in commerce or in the production of goods in commerce within the meaning of the FLSA because its employees handle and work on goods and materials that have been moved in and produced for commerce, and Starjem has annual gross sales of $500,000 or more.

2. The claims in this action arising under the New York Labor Law ("NYLL") are so related to the federal claims arising under the Fair Labor Standards Act ("FLSA") that they form part of the same case or controversy, and are therefore within the supplemental jurisdiction of the Court. 28 U.S.C. § 1367.

3. Under the FLSA and NYLL, causes of action accrue on the pay period corresponding to the time that services were rendered for the employer. *Nakahata v. N.Y. Presbyterian Healthcare Sys.,* 723 F.3d 192, 198 (2d Cir. 2013).

4. The statute of limitations under the FLSA is two (2) years, or three (3) years in cases of "willful" violations. 29 U.S.C. §255(a). Accordingly, the limitations period applicable to the FLSA claims in this case is from May 4, 2011, unless any violations are found to be willful, in which case the period would extend back to May 4, 2010. Plaintiffs bear the burden of proof for establishing willfulness under the FLSA. *Young v. Cooper Cameron Corp.*, 586 F. 3d 201, 207 (2d Cir. 2009).

5. The statute of limitations under the NYLL is six (6) years. N.Y. Lab. Law §§ 198(3), 663(3). Accordingly, the limitations period applicable to the NYLL claims in this case begins May 5, 2007.

6.     Under both the FLSA and NYLL, an employee must be paid a minimum wage.  29 U.S.C. § 206; N.Y. Lab. Law §652(1).  Employees in the hospitality industry who qualify as "customarily and regularly tipped" employees, *i.e.*, "food service workers" may be paid a tipped minimum wage rate if certain requirements are met (effective January 1, 2011).  29 U.S.C. § 203(m);  N.Y. Lab. Law §§ 651(9), 652(4);  12 N.Y.C.R.R., § 146-1.3 (2011).

7.     Under the FLSA, the minimum wage rate for employees not eligible to be paid at the tipped minimum wage rate since July 24, 2009 has been $7.25 per hour, and the tipped employee minimum wage has been $2.13 per hour. 29 U.S.C. §206(a)(1).

8.     The New York minimum wage rate for employees not eligible to be paid at the tipped minimum wage rate was $7.15 per hour as of January 1, 2007; $7.25 per hour from July 24, 2009 through December 30, 2013; and $8.00 on and after December 31, 2013.  N.Y. Lab. Law § 652(1); 12 N.Y.C.R.R. § 146-1.3.

9.     Under both the FLSA and NYLL, an employee must be paid at the rate of one and one-half times the employee's regular hourly rate for each hour the employee works in excess of 40 hours in a given workweek.  29 U.S.C. § 207(2)(C);  12 N.Y.C.R.R. § 146-1.4.

10.    Overtime pay under the FLSA and NYLL is calculated by applying a multiplier of one and one half to an employee's "regular rate" of pay.  29 U.S.C. § 207(a)(1);  29 C.F.R. § 778.107; 12 N.Y.C.R.R. § 146-1.4.

11.    Under the FLSA, the regular rate of pay "is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid." 29 U.S.C. § 207(e);  29 C.F.R. § 778.109; *see also* 12 N.Y.C.R.R. § 146-3.5 (method for calculating the regular rate for tipped hospitality employees after Jan. 1, 2011); 12 N.Y.C.R.R. § 137-3.5 (method for calculating regular rate for all hospitality employees prior to Jan. 1, 2011) (repealed).

12.    Separate from any other regular or overtime wages, under the NYLL an employee whose workday exceeds an interval of ten (10) or more hours is entitled to receive "spread of hours" pay for that day, *i.e.*, an additional one-hour's pay at the applicable minimum wage rate.  12 N.Y.C.R.R. § 146-1.6.  Spread-of-hours pay is excluded from the regular rate for the purposes of calculating overtime pay.  12 N.Y.C.R.R. § 146-1.6(c).

13.    An employee-plaintiff under the FLSA bears the burden of proving that she performed work for which she was not properly compensated, and that the employer had actual or constructive knowledge of that work. *Anderson v.*

*Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946). The employee-plaintiff must "produce[] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.* at 687. A plaintiff may meet this burden "through estimates based on his own recollection." *Kuebel v. Black & Decker, Inc.*, 643 F.3d 352, 362 (2d Cir. 2011). "The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negat[e] the reasonableness of the inference to be drawn from the employee's evidence." *Anderson*, 328 U.S. at 687-88. Any dispute as to the precise amount of uncompensated work is a question of fact for trial. *Kuebel*, 643 F.3d at 364. Assuming the employee-plaintiff ultimately satisfies his burden of "proving that [s]he performed uncompensated work [for] which h[er] employer was or should have been aware," then a plaintiff's evidence as to the extent such violations for calculating damages is subject to the same burden-shifting framework applicable to determining liability on his underlying claims. *Kuebel*, 643 F.3d at 364-65 (explaining that "[t]he *Anderson* test simply addresses whether there is a reasonable basis for calculating damages assuming that a violation has been shown" and that the credibility of a plaintiff's recollection estimating the amount of uncompensated work is to be tested at trial).

14. Under the FLSA, once liability is established the employee is entitled to recover all unpaid minimum and overtime wages, as well as "an additional equal amount as liquidated damages" unless an "employer shows to the satisfaction of the court that the act or omission giving rise to [the violation] was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation" of the FLSA. 29 U.S.C. §§ 216(b), 260. Where liquidated damages are awarded under the FLSA, prejudgment interest for violations of the parallel laws under the NYLL for the same period is not available. *Thomas v. iStar Fin., Inc.*, 652 F.3d 141, n.7 at 150 (2d Cir. 2011).

15. For any violations of the NYLL that accrued prior to November 24, 2009, a plaintiff-employee is entitled to recover liquidated damages only if he proves that the employer's underpayment of wages was willful. N.Y. Lab. Law § 198(1-a) (Consol. 2008); *Gold v. N.Y. Life Ins. Co.*, 730 F.3d 137, 143 (2d Cir. 2013). For any violations of the NYLL accruing on or after November 24, 2009, a plaintiff-employee is not entitled to recover liquidated damages under NYLL § 198-(1-a) if the employer can establish that it acted in good faith for having failed to pay the required wages, *i.e.*, the same standard applicable to liquidated damages under the FLSA. N.Y. Lab. Law § 198(1-a); *Gold v. N.Y. Life Ins. Co.*, 730 F.3d 137, 143 (2d Cir. 2013).

16. Under NYLL § 198(1-a), the Court may award liquidated damages up to 25% of any unpaid wages due for violations that accrued prior to April 9, 2011, and up to 100% of unpaid wages due for violations accruing

thereafter.  *Gold v. N.Y. Life Ins. Co.*, 730 F.3d 137, 143 (2d Cir. 2013).

17.   The Court also has discretion to award prejudgment interest pursuant to N.Y. C.P.L.R. § 5001 on an award of back pay for NYLL claims.  N.Y. Lab. Law § 198(1-a).  Under N.Y. C.P.L.R. § 5004, prejudgment interest runs at the rate of nine percent (9%) per annum simple interest.  This interest rate is appropriate only for back pay awarded solely under state law claims. *Thomas v. iStar Fin., Inc.*, 652 F.3d 141, n.7 at 150 (2d Cir. 2011).  As to the date from which interest is to be calculated, the statute states that "[w]here . . . damages were incurred at various times, interest [may] be computed . . . upon all of the damages from a single reasonable intermediate date."  N.Y. C.P.L.R. § 5001(b).

18.   The FLSA and the NYLL both contain fee-shifting provisions for actions to recover unpaid wages.  29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the Plaintiff or Plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"); N.Y. Labor Law §§ 198(1-a), 663(1) ("[An employee] may recover . . . costs and such reasonable attorney's fees as may be allowed by the court").  Accordingly, if Plaintiffs are awarded damages at trial, they should also be awarded attorneys' fees and costs in an amount to be determined after trial.

## VIII.   TRIAL WITNESSESES[1]

### A.   Plaintiffs' Trial Witnesses and Summary of their Testimony:

1.   **Enrique Salinas, by affidavit.**  Will testify through a Spanish-language interpreter.  Salinas will testify as to the hours he worked at Fresco, the jobs he and others performed at Fresco, the pay he received at Fresco, and the roles of Anthony Scotto, Jr., Marion Scotto, Brent Drill, and Attilio Vosilla at Fresco.

2.   **Alfredo Rodriguez, by affidavit.**  Will testify through a Spanish-language interpreter.  Rodriguez will testify as to the hours he worked at Fresco, the jobs he and others performed at Fresco, the pay he received at Fresco, and the roles of Anthony Scotto, Jr., Marion Scotto, Brent Drill, and Attilio

---

[1]The Parties reserve the right to object at trial to all or part of the testimony of any witnesses listed on any appropriate ground. The witnesses are listed without waiving any right to assert objections to all or part of a witness's testimony at trial, or to withdraw the witness from the witness list.  The Parties also reserve the right to call impeachment and rebuttal witnesses, whether or not listed here. The Parties have agreed to avoid duplication by questioning witnesses designated by the adverse party on cross-examination.  The Parties reserve the right to question witnesses on cross-examination as if called as adverse witness.

Vosilla at Fresco.

3. **Angel Cedeno, by affidavit.** Will testify through a Spanish-language interpreter. Cedeno will testify as to the hours he worked at Fresco, the jobs he and others performed at Fresco, the pay he received at Fresco, and the roles of Anthony Scotto, Jr., Marion Scotto, Brent Drill, and Attilio Vosilla at Fresco.

4. **Christian Urgiles, by affidavit.** Will testify through a Spanish-language interpreter. Urgiles will testify as to the hours he worked at Fresco, the jobs he and others performed at Fresco, the pay he received at Fresco, and the roles of Anthony Scotto, Jr., Marion Scotto, Brent Drill, and Attilio Vosilla at Fresco.

5. **Francisco Lugo, by affidavit.** Will testify through a Spanish-language interpreter. Lugo will testify as to the hours he worked at Fresco, the jobs he and others performed at Fresco, the pay he received at Fresco, and the roles of Anthony Scotto, Jr., Marion Scotto, Brent Drill, and Attilio Vosilla at Fresco. Lugo will be outside of the country. Therefore we will make arrangements to have him testify remotely. *See* Fed. R. Civ. P. 43(a) (permitting testimony by contemporaneous transmission from a different location when good cause shown). [2]

6. **Julian Amezquita, by affidavit.** Will testify through a Spanish-language interpreter. Amezquita will testify as to the hours he worked at Fresco, the jobs he and others performed at Fresco, the pay he received at Fresco, and the roles of Anthony Scotto, Jr., Marion Scotto, Brent Drill, and Attilio Vosilla at Fresco.

7. **Luis Roballo, by affidavit.** Will testify through a Spanish-language interpreter. Roballo will testify as to the hours he worked at Fresco, the jobs he and others performed at Fresco, the pay he received at Fresco, and the roles of Anthony Scotto, Jr., Marion Scotto, Brent Drill, and Attilio Vosilla at Fresco.

8. **Miguel Caravantes, by affidavit.** Will testify through a Spanish-language interpreter. Caravantes will testify as to the hours he worked at Fresco, the jobs he and others performed at Fresco, the pay he received at Fresco, and the roles of Anthony Scotto, Jr., Marion Scotto, Brent Drill, and Attilio Vosilla at Fresco.

9. **Nahun Flores, by affidavit.** Will testify through a Spanish-language interpreter. Flores will testify as to the hours he worked at Fresco, the jobs he and others performed at Fresco, the pay he received at Fresco, and the

---

[2] Defendants object to the testimony of Plaintiff Francisco Lugo to the extent they are unable to cross-examine him at trial.

-13-

roles of Anthony Scotto, Jr., Marion Scotto, Brent Drill, and Attilio Vosilla at Fresco.

10. **Pablo Alvarado, by affidavit.** Will testify through a Spanish-language interpreter. Alvarado will testify as to the hours he worked at Fresco, the jobs he and others performed at Fresco, the pay he received at Fresco, and the roles of Anthony Scotto, Jr., Marion Scotto, Brent Drill, and Attilio Vosilla at Fresco.

11. **Pablo Francisco, by affidavit.** Will testify through a Spanish-language interpreter. Francisco will testify as to the hours he worked at Fresco, the jobs he and others performed at Fresco, the pay he received at Fresco, and the roles of Anthony Scotto, Jr., Marion Scotto, Brent Drill, and Attilio Vosilla at Fresco.

12. **Valentin Xochipiltecatl, by affidavit.** Will testify through a Spanish-language interpreter. Xochipiltecatl will testify as to the hours he worked at Fresco, the jobs he and others performed at Fresco, the pay he received at Fresco, and the roles of Anthony Scotto, Jr., Marion Scotto, Brent Drill, and Attilio Vosilla at Fresco.

13. **Vicente Leon, by affidavit.** Will testify through a Spanish-language interpreter. Leon will testify as to the hours he worked at Fresco, the jobs he and others performed at Fresco, the pay he received at Fresco, and the roles of Anthony Scotto, Jr., Marion Scotto, Brent Drill, and Attilio Vosilla at Fresco.

14. **Claudia Rodriguez**, **in person testimony pursuant to subpoena**. Rodriguez will testify as to the jobs she and others performed at Fresco, and the roles of Anthony Scotto, Jr., Marion Scotto, Brent Drill, and Attilio Vosilla at Fresco.

15. **Ron Megason**, **in person testimony pursuant to subpoena**. Megason will testify as to the jobs he and others performed at Fresco, and the roles of Anthony Scotto, Jr., Marion Scotto, Brent Drill, and Attilio Vosilla at Fresco.

16. **Marco Barrera**, **in person testimony pursuant to subpoena**. Barrera will testify as to the jobs he and others performed at Fresco, and the roles of Anthony Scotto, Jr., Marion Scotto, Brent Drill, and Attilio Vosilla at Fresco.

17. **Gary Gillian, in person testimony pursuant to subpoena**. Gillian will testify as to the jobs he and others performed at Fresco, and the roles of Anthony Scotto, Jr., Marion Scotto, Brent Drill, and Attilio Vosilla at Fresco.

18. **Milena Cesarka, in person testimony pursuant to subpoena.** Cesarka will testify as to the jobs she and others performed at Fresco, and the roles of Anthony Scotto, Jr., Marion Scotto, Brent Drill, and Attilio Vosilla at Fresco.

19. **Ann Zadoff, in person testimony pursuant to subpoena.** Zadoff will testify as to the jobs she and others performed at Fresco, and the roles of Anthony Scotto, Jr., Marion Scotto, Brent Drill, and Attilio Vosilla at Fresco.

20. **John Jeffrey Shaw, in person testimony pursuant to subpoena.** Shaw will testify as to the jobs he and others performed at Fresco, and the roles of Anthony Scotto, Jr., Marion Scotto, Brent Drill, and Attilio Vosilla at Fresco.

B.    **Defendants' Trial Witnesses and Summary of their Testimony:**

1. **Anthony Scotto, Jr., by affidavit.** Will testify about his management of the Restaurant, the jobs performed by the Plaintiffs and other employees at Fresco, the Restaurant's wage-and-hour practices, and the roles of Marion Scotto, Attilio Vosilla and Brent Drill at the Restaurant.

2. **Natasha Gelman, by affidavit.** Will testify about the payroll practices at the Restaurant.

3. **Marion Scotto, by affidavit.** Will testify about her role at the Restaurant, private parties booked at Fresco and the role of Anthony Scotto, Jr.

4. **Attilio Vosilla, by affidavit.** Will testify about the job that he and others performed Restaurant, his role as Party Captain for private parties, and the roles of Anthony Scotto, Marion Scotto and Brent Drill at the Restaurant.

5. **Brent Drill, by deposition designation.** Will testify about the jobs that he and others performed at the Restaurant, his role as Floor Captain prior to January 2013, and the roles of Anthony Scotto, Marion Scotto and Attilio Vosilla at the Restaurant.

6. **Klever Dutan, in person testimony pursuant to subpoena.** Will testify through a Spanish-language interpreter. Dutan will testify as to the hours he worked at Fresco, the jobs he and others performed at Fresco, the pay he received at Fresco, and the roles of Anthony Scotto, Jr., Marion Scotto, Brent Drill, and Attilio Vosilla at Fresco.

7. **Krzystof "Chris" Cielecki, in person testimony pursuant to subpoena.** Cielecki will testify as to the hours he worked at Fresco, the jobs he and others performed at Fresco, the pay he received at Fresco, and the roles of Anthony Scotto, Jr., Marion Scotto, Brent Drill, and Attilio Vosilla at

Fresco.

## IX.   DEPOSITION DESIGNATIONS[3]

A.   **Plaintiffs designate the following deposition excerpts to be offered in support of their case-in-chief:** None

B.   **Defendants designate the following deposition excerpts from the deposition of Brent Drill taken on January 6, 2014 (*see* § VIII. B.5, above) to be offered in support of their case-in-chief:**

| Defendants' Deposition Designations | Plaintiffs' Counter Designations |
|---|---|
| 12:25-13:4 | 10:10-14 |
| 13:24-14:18 | 10:19 – 11:15 |
| 14:19-15:20 | 11:23-12:8 |
| 16:7-11 | 12:12 – 13:4 |
| 16:12-23 | 22:7 – 22:24 |
| 17:4-8 | 24:19 – 25:2 |
| 17:9-18:9 | 25:22 – 26:4 |
| 18:10-23 | 38:20 – 39:4 |
| 18:24-21:20 | 46:22-47:7 |
| 21:21-22:6 | 50:10 – 51:10 |
| 22:25-23:22 | 52:7-13 |
| 24:2-18 | 57:2 – 59:5 |
| 25:3-8 | 62:12 – 63:19 |
| 25:9-13 | 65:6 – 66:24 |
| 25:14-25:23 | 72:5-11 |
| 26:5-29:25 | 81:3-8 |
| 29:21-30:25 | 81:22 – 82:5 |
| 31:2-32:12 | 84:19 – 85:21 |
| 32:13-25 | 88:16 – 92:8 |
| 33:2-34:10 | 97:20 – 98:2 |
| 34:11-35:18 | 102:24 – 103:18 |
| 36:11-17 | 121:3 – 122:23 |
| 36:18-26 | 123:6 – 124:20 |
| 37:2-18 | 125:4 – 8 |
| 37:19-38:19 | 125:15 – 126:12 |
| 39:5-15 | 126:16 |
| 39:16-21 | 129:14-25 |
| 39:22-40:8 | 133:2-5 |
| 40:9-19 | 133:8 – 17 |

---

[3] The Parties also reserve the right to use deposition testimony in accordance with the Federal Rules of Evidence (FRE) and Federal Rules of Civil Procedure (FRCP).

-17-

| Defendants' Deposition Designations | Plaintiffs' Counter Designations |
| --- | --- |
| 40:20-41:19 | 133:20 – 134:2 |
| 41:20-42:11 | 134:5 – 134:8 |
| 42:12-16 | 134:11-13 |
| 42:17-25 | 134:16-23 |
| 43:2-45:17 | 135:2 |
| 45:18-46:21 | 135:5 – 12 |
| 47:8-24 | 135:15- 18 |
| 47:25-49:25 | 135:25 – 136:4 |
| 50:2-9 | 142:21 – 142:25 |
| 51:11-52:2 | |
| 55:9-56:25 | |
| 59:6-61:2 | |
| 61:3-62:11 | |
| 63:20-64:5 | |
| 66:25-68:4 | |
| 68:5-25 | |
| 69:2-21 | |
| 70:2-71:8 | |
| 71:9-72:4 | |
| 72:12-73:10 | |
| 73:11-21 | |
| 73:22-75:6 | |
| 75:7-17 | |
| 74:2-5, 75:18-25 | |
| 76:2-77:11 | |
| 77:12-14 | |
| 77:15-78:20 | |
| 79:2—9 | |
| 79:10-12 | |
| 79:13-80:2 | |
| 80:3-17 | |
| 80:18-81:2 | |
| 81:9-21 | |
| 82:6-83:2 | |
| 83:3-84:13 | |
| 85:22-86:7 | |
| 92:9-11 | |
| 92:12-25 | |
| 94:5-95:11 | |
| 95:12-15 | |
| 95:16-96:6 | |
| 96:7-97:15 | |
| 98:3-100:10 | |
| 100:11-102:23 | |
| 103:19-104:12 | |

-17-

| Defendants' Deposition Designations | Plaintiffs' Counter Designations |
|---|---|
| 104:18-105:24 | |
| 105:25-107:16 | |
| 107:17-108:16 | |
| 108:17-110:21 | |
| 110:22-115:9 | |
| 115:10-22 | |
| 116:21-117:11 | |
| 117:12-120:6 | |
| 124:21-125:3 | |
| 126:17-127:2 | |
| 141:18-142:2 | |
| 143:2-144:18 | |

## X.    EXHIBITS

### A.    PLAINTIFF'S EXHIBIT LIST

Plaintiffs reserve the right to offer additional exhibits, including but not limited to deposition testimony transcripts, for the purpose of impeachment.

| Ex. | Description | Objection | FRE |
|---|---|---|---|
| 1. | Employee Earning Records, Pablo Alvarado, 3/28/09 – 11/16/12 (D 1494-1511) | | |
| 2. | Employee Earnings Records, Jose Amezquita, 2/17/12 – 6/30/13 (D 1512-1515, 1784-1787) | | |
| 3. | Employee Earnings Records, Miguel Caravantes, 4/3/09 – 3/1/13 (D 1516-1534, 1788) | | |
| 4. | Employee Earnings Records, Angel Cedeno, 3/18/11 – 3/29/13 (D 1535 – 1546, 1789-90) | | |
| 5. | Employee Earnings Records, Pablo Francisco, 1/2/09 – 1/20/12  (D 1547-1561) | | |
| 6. | Employee Earnings Records, Vicente Leon, 1/2/09 – 6/28/13 (D 1562 – 1584, 1818 - 1821) | | |

| Ex. | Description | Objection | FRE |
|---|---|---|---|
| 7. | Employee Earnings Records, Francisco Lugo, 1/2/09 – 6/28/13 (D 1585 – 1594, 1814 - 1817) | | |
| 8. | Employee Earnings Records, Luis Roballo, 1/29/10 – 6/28/13 (D 1595 – 1611, 1822-1824) | | |
| 9. | Employee Earnings Records, Alfredo Rodriguez., 5/15/09 – 6/28/13 (D 1612 – 1623, 1825 – 1828) | | |
| 10. | Employee Earnings Records, Enrique Salinas, 1/2/09 – 6/28/13 (D 1624-1645, 1829 - 1831) | | |
| 11. | Employee Earnings Records, Christian Urgiles, 1/2/09 – 4/26/13 (D 1646 – 1664, 1832 - 1834) | | |
| 12. | Employee Earnings Records, Nahun Flores, 4/3/09 – 3/29/13 (D 1791 – 1813) | | |
| 13. | Punch Report, Pablo Alvarado, 6/13/11 – 11-13-12 (D 1665-1670) | | |
| 14. | Punch Report, Jose Amezquita, 2/2/12 – 8/24/13 (D 1671-1677, 1843-1844) | | |
| 15. | Punch Report, Miguel Caravantes, 6/14/11 – 2/21/13 (D 1678-1687) | | |
| 16. | Punch Report, Angel Cedeno, 6/13/11 – 8/26/13 (D 1688 – 1697, 1845-1846) | | |
| 17. | Punch Report, Nahum Flores, 6/11/11 – 4/30/13 (D 1698 -1710, 1847) | | |
| 18. | Punch Report, Pablo Francisco, 10/22/12 – 1/14/12 (D 1711 – 1713) | | |
| 19. | Punch Report, Vicente Leon, 6/27/11 – 8/22/13 (D 1714 – 1727, 1848-1850) | | |
| 20. | Punch Report, Francisco Lugo, 11/23/11 – 8/22/13 (D 1728 – 1737, 1851-1853) | | |
| 21. | Punch Report, Luis Roballo, 6/13/11 - 4/4/13 (D 1738 – 1749) | | |
| 22. | Punch Report, Alfredo Rodriguez, 6/14/11 – 8/22/13 (D 1750 – 1762, 1854 - 1856) | | |
| 23. | Punch Report, Enrique Salinas, 6/13/11 – 4/15/13 (D 1763 – 1775) | | |

| Ex. | Description | Objection | FRE |
|---|---|---|---|
| 24. | Punch Report, Christian Urgiles, 6/13/11 – 4/15/13 (D 1776 – 1783) | | |
| 25. | Tip Out Work Sheets, 10/12 – 7/13 (D 1857 – 2318) | | |
| 26. | Schedules (D 2319- - 2457) | | |
| 27. | Pablo Alvarado Employment Eligibility Verification (D 2461) | | |
| 28. | Fresco by Scotto "For the Table" quiz (D 2462) | | |
| 29. | Pablo Alvarado Employee Reference Guide Acknowledgements (D 2463-2464) | | |
| 30. | Pablo Alvarado Wage Notices (D 2465-2468) | | |
| 31. | Jose Amezquita Employment Eligibility Verification (D 2471) | | |
| 32. | Jose Amezquita Wage Notices (D 2473, 2476-2480) | | |
| 33. | Jose Amezquita Employee Reference Guide Acknowledgement (D 2474, 2481) | | |
| 34. | Jose Amezquita Employee Uniform Reimbursement Document(D 2475) | | |
| 35. | Employee Communication to Jose Amezquita 6/1/13 (D 2482 – 2483) | | |
| 36. | Employee Communication to Jose Amezquita 8/21/13 (D 2484-2486) | | |
| 37. | Miguel Caravantes Employee Reference Guide Acknowledgement (D 2492, 2500) | | |
| 38. | Miguel Caravantes Wage Notices (D 2493 – 2499) | | |
| 39. | Angel Cedeno Employment Eligibility Verification (D 2502) | | |
| 40. | Angel Cedeno Wage Notices (D 2504, 2507-2509, 2511-2513) | | |
| 41. | Angel Cedeno Employee Reference Guide Acknowledgment (D 2505, 2510) | | |
| 42. | Nahun Flores Employment Eligibility Verification (D 2516, 2518) | | |
| 43. | Nahun Flores Employee Reference Guide Acknowledgement (D 2522, 2528) | | |

| Ex. | Description | Objection | FRE |
|---|---|---|---|
| 44. | Nahun Flores Wage Notices (D 2523 – 2527, 2529-2530) | | |
| 45. | Pablo Francisco Employment Eligibility Verification (D 2533) | | |
| 46. | Pablo Francisco Wage Notice (D 2535, 2537) | | |
| 47. | Pablo Francisco Employee Guide Acknowledgement (D 2536) | | |
| 48. | Vicente Leon Employment Eligibility Verification (D 2539) | | |
| 49. | Vicente Leon Employee Guide Acknowledgement (D 2541, 2546) | | |
| 50. | Vicente Leon Wage Notice (D 2542 – 2545, 2547-2549) | | |
| 51. | Francisco Lugo Employment Eligibility Verification (D 2551) | | |
| 52. | Francisco Lugo Employee Guide Acknowledgment (D 2553) | | |
| 53. | Francisco Lugo Employee Uniform Reimbursement (D 2554) | | |
| 54. | Francisco Lugo Wage Notice (D 2555, 2557-2563) | | |
| 55. | Francisco Lugo Application Document (D 2556) | | |
| 56. | Luis Roballo Employment Eligibility Verification (D 2566) | | |
| 57. | Luis Roballo Employee Guide Acknowledgment (D 2567, 2572) | | |
| 58. | Luis Roballo Wage Notice (D 2568 – 2571, 2573-2575) | | |
| 59. | Luis Roballo Termination (D 2576) | | |
| 60. | Alfredo Rodriguez Employment Eligibility Verification (D 2578) | | |
| 61. | Alfredo Rodriguez Wage Notices (D 2580, 2582 – 2584, 2586-2588) | | |
| 62. | Alfredo Rodriguez Employee Guide Acknowledgement (D 2581, 2585) | | |
| 63. | Alfredo Rodriguez Employee Communication (D 2589) | | |

| Ex. | Description | Objection | FRE |
|---|---|---|---|
| 64. | Enrique Salinas Employee Communications (D 2590-2591, 2605) | | |
| 65. | Enrique Salinas Wage Notices (D 2592-2593, 2603, 2607-2609) | | |
| 66. | Enrique Salinas Employment Eligibility Verification (D 2595) | | |
| 67. | Enrique Salinas Employee Guide Acknowledgment (D 2598-2599, 2606) | | |
| 68. | Christian Urgiles Wage Notices (D 2613 – 2615, 2621, 2623 - 2625) | | |
| 69. | Christian Urgiles Employee Guide Acknowledgment (D 2618, 2622 | | |
| 70. | Christian Urgiles (Employment Eligibility Verification (D 2619) | | |
| 71. | Fresco Policy Document – Updated January 2013 (D 2662 – 2671) | Hearsay (to the extent offered for the sake of establishing anything other than job titles for Brent Drill & Attilio Vosilla) | 801(c) |
| 72. | Fresco Policy Document – Updated April 2013 (D 2672 – 2681) | Hearsay (to the extent offered for the sake of establishing anything other than job titles for Brent Drill & Attilio Vosilla) | 801(c) |
| 73. | Fresco Policy Document - Updated December 2012 (Ps Document Production 500-508) | Hearsay (to the extent offered for the sake of establishing anything other than job titles for Brent Drill & Attilio Vosilla) | 801(c) |
| 74. | Fresco Policy Document – Updated October 2007 (D 7995 – 8003) | Hearsay (to the extent offered for the sake of establishing anything other than job titles for Brent Drill & Attilio Vosilla) | 801(c) |
| 75. | List of employees with shirt sizes (D 7994) | | |
| 76. | Fresco by Scotto ADP Payroll Worksheets [all dated after May 3, 2007] (Fresco by Scotto production) | | |
| 77. | Fresco by Scotto Payroll Busboys Calculations [all] (Fresco by Scotto production) | | |

| Ex. | Description | Objection | FRE |
|---|---|---|---|
| 78. | Fresco by Scotto ADP Weekly Payroll Reports [all] (Fresco by Scotto production) | | |
| 79. | Fresco Waiter Tip Out Worksheets [samples] (Fresco by Scotto production) | | |
| 80. | Fresco by Scotto Schedules [samples] | | |
| 81. | Fresco by Scotto 6/9/14 Production Index with ADP Payroll Worksheet, Payroll Busboys Calculations, ADP Weekly Payroll Report, Wait Tip Out Worksheets, and Schedules | | |
| 82. | Nahum Flores paystubs (Ps document production 1-226) | | |
| 83. | Luis Roballo paystubs (Ps document production 228-304) | | |
| 84. | Alfredo Rodriguez paystubs (Ps document production 315-325) | | |
| 85. | Vicente Leon paystubs (Ps document production 381-483) | | |
| 86. | Pablo Alvarado paystubs (Ps document production 326 – 332) | | |
| 87. | Jose J Amezquita paystubs (Ps document production 484-499) | | |
| 88. | Alfredo Rodriguez paycheck Oct. 24 ,2014 (Ps document production 511) | | |
| 89. | Undated Fresco Schedule (Dep Ex. P-1, D2423) | | |
| 90. | Waiter Tip Out Work Sheet (Dep Ex. P-3, D 1935) | | |
| 91. | Waiter Tip out Work Sheet 3/18/13 PM (Dep. Ex. P-4, D 2122) | | |
| 92. | Map/Schedule, 1/21/12 (Dep. Ex. P-5, D 1937) | | |
| 93. | Waiter Tip Out Work Sheet, 10/2 PM (Dep. Ex. P-6, D 1860) | | |
| 94. | Waiter Tip Out Work Sheet, 11/13/12 Lunch (Dep. Ex. P-7, D 1922) | | |
| 95. | Brent Drill Linkedin Page (Dep Ex. P-9) | Hearsay (to the extent offered for the sake of establishing anything other than job title) | 801(c) |

| Ex. | Description | Objection | FRE |
|---|---|---|---|
| 96. | Attilio Vosilla, Jr. Linkedin Page (Dep. Ex. P- 16) | Hearsay (to the extent offered for the sake of establishing anything other than job title) | 801(c) |
| 97. | Printout from www.frescobyscotto.com/page_bios.php (printed 7/23/14) | | |
| 98. | Printout of New York State Liquor Authority public query results for Fresco by Scotto (printed 10/29/14) | | |
| 99. | Printout of NYS Department of State Division of Corporations Entity Information for Starjem Restaurant Corp. (printed 10/30/14) | | |
| 100. | Complaint | | |
| 101. | Amended Answer | | |
| 102. | Starjem Restaurant Corp. Responses to Plaintiffs First Interrogatories | | |
| 103. | Marion Scotto and Anthony Scotto Responses to Plaintiffs' First Interrogatories | | |

**B.    Defendants' Documentary Exhibits ("Defs. Ex."):**

Defendants reserve the right to offer additional exhibits, including but not limited to demonstrative exhibits, deposition testimony transcripts, and other prior statements for the purpose of impeachment and/or refreshing witness recollection.

| Ltr. | Exhibit | Plaintiffs' Objection(s) | FRE Rule |
|---|---|---|---|
| A | Compilation of Restaurant Schedules (incl. Summary Index of Exhibit A with Dates and Bates Ranges) | | |
| B-1 | Enrique Salinas W-2 Tax Forms | | |
| B-2 | Alfredo Rodriguez W-2 Tax Form | | |
| B-3 | Angel Cedeno W-2 Tax Forms | | |
| B-4 | Christian Urgiles W-2 Tax Forms | | |
| B-5 | Francisco Lugo W-2 Tax Form | | |
| B-6 | Jose Amezquita W-2 Tax Form | | |
| B-7 | Luis Roballo W-2 Tax Forms | | |

| Ltr. | Exhibit | Plaintiffs' Objection(s) | FRE Rule |
|---|---|---|---|
| B-8 | Miguel Cervantes W-2 Tax Forms | | |
| B-9 | Nahun Flores W-2 Tax Forms | | |
| B-10 | Pablo Alvarado W-2 Tax Forms | | |
| B-11 | Pablo Francisco-Lopez W-2 Tax Forms | | |
| B-12 | Valentin Xochipiltecatl W-2 Tax Forms | | |
| B-13 | Vicente Leon W-2 Tax Forms | | |
| C-1 | Enrique Salinas Responses to Interrogatories | | |
| C-2 | Alfredo Rodriguez Responses to Interrogatories | | |
| C-3 | Angel Cedeno Responses to Interrogatories | | |
| C-4 | Christian Urgiles Responses to Interrogatories | | |
| C-5 | Francisco Lugo Responses to Interrogatories | | |
| C-6 | Jose Amezquita Responses to Interrogatories | | |
| C-7 | Luis Roballo Responses to Interrogatories | | |
| C-8 | Miguel Cervantes Responses to Interrogatories | | |
| C-9 | Nahun Flores Responses to Interrogatories | | |
| C-10 | Pablo Alvarado Responses to Interrogatories | | |
| C-11 | Pablo Francisco-Lopez Responses to Interrogatories | | |
| C-12 | Valentin Xochipiltecatl Responses to Interrogatories | | |
| D | Deposition Transcript of Klever Dutan, dated June 12, 2013, *Megason et al. v. Starjem Rest. Corp. et al.*, 12-cv-1299-NRB (S.D.N.Y.) | Hearsay; Improper use of deposition transcript for available witness | FRE 802; FRCP 32 |
| E | Deposition Transcript of Krzystof Cielecki dated June 13, 2013, *Megason et al. v. Starjem Rest. Corp. et al.*, 12-cv-1299-NRB (S.D.N.Y.) | Hearsay; Improper use of deposition transcript for available witness | 802; FRCP 32 |
| F | Summary Chart of Weekly Time Punch Data | | |

In addition, the following demonstrative exhibits are attached to the Trial Affidavits of

Defendants' witnesses (*see* § VIII.B.1.-3., above):

| No. | Demonstrative Exhibit | Plaintiffs' Objection(s) | FRE Rule |
|---|---|---|---|
| | Trial Affidavit of Anthony M. Scotto, Jr. | | |
| 1-A | Example Clothing Size Chart, D07994 | | |
| 1-B | Sample Section Charts, P227, P356-P359, P362-P372 | | |
| 1-C | Photograph: Main Dining Room | | |
| 1-D | Photograph: Tuscan Room | | |
| 1-E | Photograph: Stocking Stations "A" & "B" | | |

| No. | Demonstrative Exhibit | Plaintiffs' Objection(s) | FRE Rule |
|---|---|---|---|
| 1-F | Photograph: Stocking Station "C" | | |
| 1-G | Photograph: Clean Service Items | | |
| 1-H | Photograph: Stocking Station - Tuscan Room | | |
| 1-I | Wage & Hours Posters, English & Spanish D002723-D002724 | | |
| 1-J | Sample Private Party Receipt | Not produced in discovery | FRCP 26, 34, 37 |
| | Trial Affidavit of Natasha Gelman | | |
| 2-A | Weekly Payroll Report, 6/27/11-7/3/11, FRESCO BY SCOTTO-004580 through FRESCO BY SCOTTO-004585 | | |
| 2-B | Yearly Reports of Daily Time Punches for Plaintiffs, D000165-D0001783, D00009264-D00009270 | | |
| 2-C | Examples of Waiter Tip Out Work Sheets | | |
| 2-D | Example of Busboys Calculation Sheet, 2/14/11-2/19/11, FRESCO BY SCOTTO-005413 | | |
| 2-E | Example of Busboys Calculation Sheet, 6/27/11-7/2/11, FRESCO BY SCOTTO-004578 | | |
| 2-F | Pay Stub for Plaintiff Nahun Flores, 2/12/11-2/19/11, P192 | | |
| 2-G | Pay Stub for Plaintiff Vicente Leon, 6/26/11-7/2/11, P441 | | |
| | Trial Affidavit of Marion Scotto | | |
| 3-A | Example, Private Party Forms; P305, FRESCO BY SCOTTO-031972 - FRESCO BY SCOTTO-031977 | | |

**C.     Joint Exhibits ("J. Ex."):**

1.     Disc of Photographs

November 11, 2014
New York, New York

November  11, 2014
New York, New York

Michael Faillace & Associates, P.C.
Attorneys for Plaintiffs

Littler Mendelson, P.C.
Attorney for Defendants

-27-

60 East 42nd Street, Suite 2020                    900 Third Avenue
New York, NY 10165                                 New York, New York 10022


By: /s/ Joshua S. Androphy                         By: /s/ Craig R. Benson_____
    Michael A. Faillace, Esq.                          Craig R. Benson, Esq.
    Joshua Androphy Esq.                               Naveen Kabir, Esq.
    Shawn Clark, Esq.




                                                   Dated: _____, 2014




                                                   So Ordered: _____
                                                               ANALISA TORRES
                                                            United States District Judge