`UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ENRIQUE SALINAS, ALFREDO RODRIGUEZ, ANGEL
CEDENO, CHRISTIAN URGILES, FRANCISCO LUGO,
JOSE AMEZQUITA, LUIS ROBALLO, MIGUEL
CERVANTES, NAHUN FLORES, PABLO ALVARADO,
PABLO FRANCISCO-LOPEZ, VALENTIN
XOCHIPILTECATL, and VICENTE LEON, individually
and on behalf of others similarly situated,

                                    Plaintiffs,

                  -against-

STARJEM RESTAURANT CORP., (d/b/a FRESCO BY
SCOTTO), MARION SCOTTO and ANTHONY SCOTTO,

                                    Defendants.

Civil Action No. 13-cv-2992
(AT)

ECF Case

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

        Plaintiffs (i) Enrique Salinas, (ii) Alfredo Rodriguez, (iii) Angel Cedeno, (iv) Christian
Urgiles, (v) Francisco Lugo, (vi) Jose Amezquita, (vii) Luis Roballo, (viii) Miguel Caravantes,
(ix) Nahun Flores, (x) Pablo Alvarado, (xi) Pablo Francisco-Lopez, (xii) Valentin Xochipiltecatl,
and (xiii) Vicente Leon on behalf of themselves and all of their heirs, executors, administrators,
attorneys, and assigns (collectively "Plaintiffs") and Defendants Starjem Restaurant Corp.
(hereinafter "Starjem"), Marion Scotto, and Anthony Scotto, Jr. (collectively "Defendants," and
with Plaintiffs, the "Parties") hereby agree upon this Settlement Agreement and General Release
("Agreement") as a resolution of all issues involved herein as follows:

        1.      **Preliminary Matters**.  Plaintiffs have reviewed the terms of this Agreement,
have had the opportunity to confer with their legal counsel, including Michael Faillace, Esq. and
Joshua Androphy, Esq. of Michael Faillace & Associates, P.C. (hereinafter "Plaintiffs'
Counsel"), and/or other advisors of their own choosing in order to obtain advice with respect to
the terms of this Agreement.  The Parties, including Plaintiffs' Counsel, participated in an arms-
length private mediation on February 2, 2016, which was conducted by mediator Martin
Scheinman, Esq.  At the settlement conference, and prior to signing this Agreement, Plaintiffs
have had the opportunity to consider their counsel's advice with respect to the foregoing and
following Agreement.  Plaintiffs enter into this Agreement voluntarily and with a full
understanding of its terms.

        2.      **No Admission of Liability**.  The Parties hereto recognize and agree that
Defendants do not admit, and expressly deny, any violation of law or any liability to Plaintiffs or
to anyone else as a result of or growing out of the matters set forth in the litigation styled *Salinas,
et al. v. Starjem Restaurant Corp., et al.*, Civil Action No. 13-cv-2992 (AT), filed in the United
States District Court for the Southern District of New York (the "Pending Action"), or which
could have been raised in such suit, or which otherwise involve Plaintiffs' employment

-1-

relationships with Defendants and the separation or termination of Plaintiffs' employment relationships with Defendants.

3. **Dismissal of Pending Action.** For and in consideration of the promises outlined in this Agreement, the sufficiency of which Plaintiffs acknowledge, Plaintiffs agree: (1) to dismiss with prejudice, or cause to be dismissed with prejudice, the Pending Action, including but not limited to any claims held by any opt-in Plaintiffs; (2) not to re-file the causes of action asserted in the Pending Action or any other causes of action against Defendants arising from employment-related or other matters that were encompassed or could have been encompassed or raised in the Pending Action; and (3) not to institute any action against any Defendant in any court or other forum based on allegations or claims existing prior to the date of this Agreement that are released as set forth in this Agreement. The Parties expressly authorize their counsel to submit any papers to the Court that are necessary to effectuate the dismissal of the Pending Action and/or a full release of Plaintiffs' claims as specified herein.

4. **Consideration.**

A. Starjem agrees to pay Plaintiffs and their attorneys the maximum total sum of Six Hundred Eighteen Thousand Four Hundred Sixteen Dollars and Forty-Six Cents ($618,416.46) as set forth and allocated in Section 7 below and Exhibit A hereto (hereinafter the "Settlement Payment"), and other good and valuable consideration as described below. Under no circumstances shall the Settlement Payment exceed Six Hundred Eighteen Thousand Four Hundred Sixteen Dollars and Forty-Six Cents ($618,416.46), excluding the employer's share of payroll taxes typically borne by an employer with respect to any payments made to Plaintiffs on a W-2 basis.

B. The Parties acknowledge and agree that the Settlement Payment includes attorneys' fees, costs, penalties and liquidated damages. The Parties agree that Plaintiffs' Counsel may petition the Court for approval of attorneys' fees and costs from the total Settlement Payment up to Two Hundred Sixty-Four Thousand Eighty Dollars and Forty-Six Cents ($264,080.46). If approved by the Court, these fees and costs shall come out of the Settlement Payment. Defendants will not oppose this application for attorneys' fees and/or costs, including any appeal or request for reconsideration if the application is denied or modified by the Court, provided it does not increase the Settlement Payment. The substance of Plaintiffs' Counsel's application for attorneys' fees and costs is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Pending Action. The outcome of any proceeding related to Plaintiffs' Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's final approval and dismissal with prejudice of the Pending Action.

C. Plaintiffs agree that they have no entitlement to any wages, compensation, bonuses, commissions, gratuities, payouts, severance pay, vacation pay, or other benefits, damages, attorneys' fees or costs from Releasees (as defined below), except as specifically provided in this Settlement Agreement.

5.     **General Release by Plaintiffs.**  In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiffs, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever release, relieve, waive, relinquish, and discharge Defendants, Defendants' subsidiaries (including but not limited to any grandchild entities, great grandchild entities, and so on), parents (including but not limited to any grandparent entities, great grandparent entities, and so on), affiliates, successors, related entities, assigns, heirs, executors, administrators, and attorneys, and all of their present and former directors, officers, partners, shareholders, members, employees, representatives, agents, attorneys, owners, and insurers (collectively "Releasees") from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered, which they had, now have or hereafter can, shall or may have against Releasees, arising out of, by reason of, or relating in any way whatsoever to any matter, cause or thing from the beginning of the world through the effective date of this Agreement, including but not limited to: (i) claims arising directly or indirectly from Plaintiffs' association, employment, and/or engagement with any of the Releasees, whether as independent contractors, employees, or otherwise, and/or the termination of that association, employment, and/or engagement; (ii) claims arising directly or indirectly from the actions or inaction of Releasees; (iii) claims under federal, state or local laws, statutes, constitutions, regulations, rules, ordinances or orders, including, but not limited to, claims under the New York Labor Law, the Wage Theft Prevention Act, the New York Hospitality Wage Order, New York Order for Miscellaneous Industries and Occupations, the New York Restaurant Wage Order, the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Employee Retirement Income Security Act, the Equal Pay Act, the Immigration Reform and Control Act, the Consolidated Omnibus Budget Reconciliation Act, the Fair Credit Reporting Act, the Sarbanes Oxley Act, the Occupational Safety and Health Act, the Family and Medical Leave Act, the New York Corrections Law, the New York State Human Rights Law, the New York City Human Rights Law, each as amended, or any other federal, state, and/or local law; (iv) claims for minimum wages, overtime, commissions, and/or unpaid wages, compensation, and/or other remuneration, whether based on common law or otherwise, which specifically includes all claims for unpaid overtime, improper deductions, travel time, spread of hours pay, bonuses, penalties, expense reimbursements, gratuities, fees, tip credits, tip allowances, service charges, retained gratuities, call-in pay, tools-of-the-trade, and/or meal credits during Plaintiffs' employment with any of the Releasees and/or other compensation, wages, or benefits including, but not limited to, life insurance, accidental death and disability insurance, sick leave, or other employer provided plan or program, distributions of income or profit, vacation or other leave time, retirement, pension, the use of information obtained by Releasees as a result of the offering of group health insurance coverage and/or any related penalties, damages, liquidated damages and attorneys' fees under federal, state and/or local law; and (v) any other claim, whether for monies owed, reimbursement, attorneys' fees, litigation costs, damages, torts, intentional infliction of emotional distress, negligence, promissory estoppel, breach of contract, breach of an implied covenant of good faith and fair dealing, constructive discharge, wrongful discharge, defamation, fraud, misrepresentation, or otherwise,

arising prior to or at the time of the execution of the Agreement, including, but not limited to, all claims asserted in the Pending Action. This release is limited solely and only to claims that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for Defendants and it does not release or discharge any claims that may occur after that date. The only exclusions from this release provision are claims for unemployment insurance and workers' compensation. Plaintiffs hereby specifically acknowledge that this Agreement, and the monies received by Plaintiffs and referenced herein, are a fair and reasonable resolution of a bona fide dispute over a provision of the Fair Labor Standards Act and/or for time worked.

6.      **Plaintiffs' Responsibility for Taxes.** Plaintiffs assume full responsibility for their respective portions of the Settlement Payment of any and all federal, state and local taxes or contributions which may hereafter be imposed or required to be paid by Plaintiffs under any federal, state, or municipal laws of any kind, with respect to the monies paid by Starjem to Plaintiffs and/or Plaintiffs' Counsel pursuant to this Agreement. Indeed, although the parties believe, in good faith, that the tax treatment of the Settlement Payment referenced in this Agreement is proper and in compliance with applicable IRS regulations, if, notwithstanding such belief, the Internal Revenue Service or any other federal, state or local government, administrative agency or court determines that any Plaintiff and/or any Defendant is liable for any failure by any Plaintiff or Plaintiffs' Counsel to pay federal, state or local income or employment taxes with respect to the Settlement Payment set forth in this Agreement, or liable for interest or penalties related thereto, that Plaintiff agrees to indemnify and hold Defendants harmless for any such liability.

7.      **Payment.**

A.      In consideration of the promises of Plaintiffs set forth herein, Starjem shall issue the Settlement Payment set forth in Section 4 as a full and complete settlement and final satisfaction of any and all claims that Plaintiffs have or may have against Releasees, through the date of execution of this Agreement, as well as any claim for attorneys' fees and costs. The Settlement Payment shall be due and payable, in accordance with the allocations to each Plaintiff and Plaintiffs' counsel set forth in Exhibit A, to Plaintiffs' Counsel no later than the latter of the following dates:

(i)      September 1, 2016;

(ii)     ten (10) days after all Plaintiffs have executed this Agreement and delivered the same to Defendants' counsel at Fox Rothschild LLP (Attn: Carolyn D. Richmond), 100 Park Avenue, Suite 1500, New York, New York, 10017;

(iii)    ten (10) days after all Plaintiffs have executed and delivered to counsel for Defendants valid IRS Forms W-4 and W-9 and Plaintiffs' Counsel has executed and delivered to counsel for Defendants a valid IRS Form W-9;

(iv)    ten (10) days after the Court both approves this settlement as a fair and reasonable resolution of a bona fide dispute over a provision of the Fair Labor Standards Act, and fully and finally dismisses the Pending Action with prejudice, including but not limited to the claims of any opt-in plaintiffs;

-4-

(v)    ten (10) days after the Court both approves the Settlement Agreement and General Release entered into in *Briones v. Starjem Restaurant Corp.*, Civil Action No. 15-cv-4646 (GHW)(NF) (hereinafter "*Briones* Litigation") as a fair and reasonable resolution of a bona fide dispute over a provision of the Fair Labor Standards Act, and fully and finally dismisses the *Briones* Litigation with prejudice, including but not limited to the claims of any opt-in plaintiffs; and/or

(vi)    thirty (30) days after the Court both approves the Settlement Agreement and Release in *Megason v. Starjem Restaurant Corp.*, Civil Action No. 12-cv-1299 (NRB)(FM) (hereinafter "*Megason* Litigation") as a fair and reasonable resolution of a bona fide dispute over a provision of the Fair Labor Standards Act, and fully and finally dismisses the *Megason* Litigation with prejudice, if no appeals are made, but if an appeal or motion for reconsideration is made then ten (10) days after any such appeals have been fully dismissed and resulted in the affirmance of the final dismissal of the *Megason* Litigation, including but not limited to the claims of any class members and opt-in plaintiffs, *whichever occurs last*.

B.    Nothing contained in this Agreement shall preclude or limit Starjem's right to make prepayment of any settlement amounts set forth in this Agreement without penalty. If the date set forth above in Section 7(A)(vi) has not occurred prior to the latter of the dates set forth in Section 7(A)(i)-(v), Starjem shall cause the Settlement Payment to be paid into an interest bearing escrow account on the latter of the dates set forth in Section 7(A)(i)-(v). Such funds shall not be remitted to Plaintiffs' counsel or Plaintiffs, except with Defendants' consent, until such date that the Settlement Payment becomes fully due and payable pursuant to Section 7(A) above. If the Settlement Payment is required to be deposited and held in escrow pursuant to this Section 7(B), any interest accrued on such monies shall inure to the benefit of the Plaintiffs on a pro rata basis allocated proportionately in accordance with the schedule set forth in Exhibit A. Starjem agrees to guarantee and supplement any interest accrued so that any such interest is at least $1,424 per month until the settlement funds are released.

C.    Concurrently with the execution of this Agreement, Starjem shall cause to be executed and delivered to Plaintiffs' counsel a confession of judgment ("Confession of Judgment") in the form annexed hereto as Exhibit B. The Parties hereby acknowledge and agree that the Confession of Judgment will be held in escrow by Plaintiffs' counsel, and will not be entered and/or filed at any time other than in the event that the Starjem both (i) fails to make the payment set forth above in Section 7(A), <u>and</u> (ii) fails to cure such default within fourteen (14) days of receipt of written notice (to be delivered to Defendants via their counsel, Carolyn Richmond, Esq., Fox Rothschild LLP, 100 Park Avenue, 15th Floor, New York, NY 10017) of such default from Plaintiffs. Any such Notice of Default shall be mailed by certified mail to the address above and deemed received five (5) days after it is mailed if addressed to the above address. Any payments made shall reduce the amount of judgment confessed in the Confession of Judgment by the amount of such payment.

D.    In no event shall any settlement payment under Sections 4, 7 and Exhibit A of this Agreement be due until the Court fully and finally dismisses the Pending Action, the *Briones* Litigation, and the *Megason* Litigation with prejudice and each settlement has been approved as a fair and reasonable resolution of a bona fide dispute over a provision of the Fair

Labor Standards Act in each respective matter.  The Parties agree that Plaintiffs shall submit this Agreement to the Court for its inspection and approval as a fair and reasonable resolution of a bona fide dispute under the Fair Labor Standards Act.  Defendants shall be allowed to first review and comment on Plaintiffs' approval application prior to its submission to the Court, as well as submit its own submission if appropriate.

    E. The Parties agree that the individual settlement payments made to the Plaintiffs (excluding any approved attorneys' fees and costs) will be allocated as follows for tax purposes: (i) one-third (1/3) in consideration for time worked as back-wage payments and/or wage income subject to W-2 reporting and payable directly in the name of each Plaintiff, and (ii) two-thirds (2/3) in consideration for liquidated damages, penalties, and interest as non-wage payments subject to 1099 reporting and payable to "Michael Faillace & Associates, P.C. *as attorneys for* [Each Plaintiff]."  All Wage Payments (i.e., the portion set forth in Section 7(C)(i) above) shall be subject to all applicable employment taxes, including, without limitation, federal, state and local income tax withholding and the employee share of the FICA tax, and shall be reported to the Internal Revenue Service ("IRS") on an IRS Form W-2.  All Non-Wage Payments (i.e., the portion set forth in Section 7(C)(ii) above) shall be made without any tax withholdings and shall be reflected on a Form 1099 issued to Plaintiffs' Counsel.  Payments of any approved attorneys' fees and costs pursuant to this Agreement shall be made without any withholdings and Plaintiffs' Counsel will receive a Form 1099 for this payment.

    8. **Governing Law.**  The rights and obligations of the parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to principles of conflict of laws.  Venue for any dispute between the parties shall lie in the United States District Court for the Southern District of New York, or the New York State Supreme Court, New York County.  However, if the District Court should refuse or decline to accept jurisdiction over the settlement for any reason, the Parties agree that this Agreement may be enforced in a court of competent jurisdiction located in New York County, New York.  The District Court's refusal to retain jurisdiction over the settlement shall not void or otherwise affect this Agreement.  If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable (other than Section 5, as to which all monies paid hereunder must be returned to Starjem if found to be invalid or unenforceable), the remaining provisions shall continue in full force and effect notwithstanding.  Plaintiffs acknowledge that they have not previously transferred, assigned or conveyed any right or claim released in this Agreement.  The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

    9. **Reemployment.**  Plaintiffs agree to relinquish and hereby do relinquish any and all rights they may have to either directly or indirectly:  (i) be employed by, (ii) be assigned to, (iii) work for, (iv) seek employment with or apply to, (v) accept employment with, or (vi) provide services in exchange for compensation in any capacity to (including but not limited to as an employee, independent contractor, consultant or temporary employee) Releasees.  Plaintiffs agree that they will not seek, apply for, or accept any employment or assignment to which they have relinquished any rights, and that in the event they inadvertently seek, apply for, or accept any employment or assignment to which they have relinquished any rights they will immediately withdraw, forego, leave and/or voluntarily terminate such inquiry, application, employment and/or assignment.  Releasees may also immediately terminate any employment or assignment to

-6-

which Plaintiffs have relinquished any rights at any time.  Notwithstanding the foregoing, this Section 9 shall not become effective with respect to only Plaintiffs Vincente Leon and Alfredo Rodriguez until ninety (90) days after the date each of them sign or cause their duly authorized representative or attorney to sign this Agreement.  Moreover, nothing in this Section 9 shall be construed as altering the at-will nature of Plaintiffs Vincente Leon and Alfredo Rodriguez's current employment with Defendants, which shall remain terminable at-will by either party at any time.  Plaintiffs agree and understand that this provision is intended to protect the Releasees from allegations of retaliation and that this Section 9 constitutes a material provision of this Agreement.

10.     **Return of Company Property.**  To the extent they have not already done so, Plaintiffs agree to return to the Defendants all property of the Defendants, which is or has been in their possession, custody, or control, including but not limited to written materials, records, computer files, and documents (whether maintained in hard copy format, digitally, electronically, or in any other medium) and any copies thereof, including, but not limited to, all property of Defendants taken or received by Plaintiffs during their employment or upon their separation from Defendants.

11.     **Communications with the Media.** Plaintiffs, Plaintiffs' Counsel, Defendants, and Defendants' Counsel agree that they will not issue, send or post, or cause to be issued, sent or posted, any press release, posting, e-mail, or other verbal or written communication to any electronic, print, or digital media, blogs, or social networking sites, including but not limited to Facebook, LinkedIn and Twitter, (collectively, the "Media") regarding the Litigation, the Parties' settlement discussions, the existence and/or terms of this Agreement, and/or the facts and events leading up to same.  If contacted by any member of the Media or any other individuals through any of the Media, Plaintiffs and/or Plaintiffs' Counsel will simply state that the Litigation has been resolved to the satisfaction of the parties.  Notwithstanding the terms of this paragraph, the Parties shall be free to make whatever disclosures they deem appropriate to their attorneys and financial and tax advisors, as well as, in Defendants' case, to its members, officers, shareholders, directors, and/or other relevant stake holders as well as their attorneys and financial and tax advisors, with respect to this litigation provided those disclosures are truthful, and no derogatory statements are made about Plaintiffs' Counsel, Defendants' Counsel, the Plaintiffs, and/or the Defendants.  Nothing herein shall prevent Plaintiffs' Counsel from communicating with Plaintiffs.

12.     **Status of Settlement If Case Is Not Ultimately Dismissed**.  In the event the Court fails to dismiss the Pending Action with prejudice as contemplated by this Agreement, this Agreement shall be null and void *ab initio*.  In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the execution date of this Agreement, and the Parties shall proceed in all respects as if the Agreement had not been executed.

13.     **Important Acknowledgments**. It is further understood and agreed that the Settlement Payment and the other good and valuable consideration provided for herein, are not a mere recital but are the consideration for this Agreement and all terms herein, and the full and final release effected thereby.  The Parties represent and warrant that the Settlement Payment is fair and reasonable.  The Parties represent and warrant that they are entering into this Agreement of their own free will and accord after consultation with their attorneys.   The Parties

acknowledge that they have jointly prepared this Agreement and that they are executing this Agreement knowingly and voluntarily.

14.    **No Other Representations or Agreements**. Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement.  This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto.  There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement.  This Agreement constitutes and contains the entire agreement among the parties, and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof.  This is an integrated document.

15.    **No Modification Except In Writing**. This Agreement cannot be modified or changed except by a writing, signed by the parties, with specific reference to this Agreement.

16.    **Execution In Counterpart and Facsimile Signatures**.  This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement.  Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

17.    **Knowing and Voluntary Release of Claims.**    Plaintiffs acknowledge that:

A.    Plaintiffs have carefully read this Settlement Agreement and they fully understand its meaning;

B.    Plaintiffs have been advised that an individual waiving rights under the Age Discrimination in Employment Act ("ADEA") is entitled to a minimum of 21 days within which to consider this agreement and release, and therefore Plaintiffs acknowledge that they have 21 days from the date of receiving this Settlement Agreement, which contains a release of ADEA claims, to return the signed Settlement Agreement and release.  Plaintiffs acknowledge that they may execute and return this agreement and release earlier if they so decide, and that by executing and returning this agreement and release during the 21 day period, they will waive any right to consider the agreement and release for the 21 day period.  Plaintiffs acknowledge that they have been further advised that they may consult with an attorney or other adviser of their choosing prior to making the decision to execute and return this Settlement Agreement.

C.    Defendants hereby advise Plaintiffs in writing that Plaintiffs should consult with an attorney before signing the Settlement Agreement, and Plaintiffs acknowledge that they have in fact consulted with an attorney regarding this Agreement, or that they have waived this right.

D.    Plaintiffs are signing this Agreement, knowingly, voluntarily, and without any coercion or duress; and

-8-

E.     Everything Plaintiffs are receiving for signing this Agreement is described in the Agreement itself, and no other promises or representations have been made to cause Employee to sign it.

18.     **Revocation**.  Plaintiffs understand and agree that they have a period of seven (7) days following the signing of this Agreement to revoke it.  Plaintiffs understand that in the event that any Plaintiff revokes this Agreement, the entire Agreement shall be null and void and of no force or effect on either party and therefore Starjem will be under no obligation to make the payments set forth in Sections 4, 7, and Exhibit A.  In order to revoke this Agreement, the Plaintiff wishing to do so must sign and send a written notice of the decision to do so, addressed to Fox Rothschild LLP (Attn: Carolyn D. Richmond), 100 Park Avenue, Suite 1500, New York, New York, 10017, and the written notice must be received by Defendants no later than the eighth day after Employee signed this Agreement.  Plaintiffs further understand that this Settlement Agreement shall not be effective or enforceable until the day after the seven (7) day revocation period has expired and provided that no Plaintiff exercises his or her right to revoke this Settlement Agreement (i.e the "effective date" of this Agreement).

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**IN WITNESS WHEREOF**, the Parties hereto have executed, or caused their duly authorized officer, representative, or attorney to execute, this Agreement.

<strong><u>PLAINTIFFS:</u></strong>

Date: Apr. 22, 2016
**ALVARADO, PABLO**

Date: Apr. ___, 2016
**LUGO, FRANCISCO**

Date: Apr. 28, 2016
**AMEZQUITA, JOSE**

Date: Apr. 18, 2016
**ROBALLO, LUIS**

Date: Apr. 20, 2016
**CEDENO, ANGEL**

Date: Apr. 19, 2016
**RODRIGUEZ, ALFREDO**

Date: Apr. 19, 2016
**CERVANTES, MIGUEL**

Date: Apr. ___, 2016
**SALINAS, ENRIQUE**

Date: Apr. 21, 2016
**FLORES, NAHUN**

Date: Apr. 20, 2016
**URGILES, CHRISTIAN**

Date: Apr. 26, 2016
**FRANCISCO-LOPEZ, PABLO**

Date: Apr. 19, 2016
**XOCHIPILTECATL, VALENTIN**

Date: Apr. 19, 2016
**LEON, VICENTE**

<strong><u>DEFENDANTS:</u></strong>

By: _____   Date: Apr. ___, 2016
    **STARJEM RESTAURANT CORP.**

_____   Date: Apr. ___, 2016
    **MARION SCOTTO**

_____   Date: Apr. ___, 2016
    **ANTHONY SCOTTO, JR.**

-10-

**IN WITNESS WHEREOF,** the Parties hereto have executed, or caused their duly authorized officer, representative, or attorney to execute, this Agreement.

**PLAINTIFFS:**

Date: Apr. 22, 2016
ALVARADO, PABLO

Date: Apr. 22, 2016
AMEZQUITA, JOSE

Date: Apr. 20, 2016
CEDENO, ANGEL

Date: Apr. 19, 2016
CERVANTES, MIGUEL

Date: Apr. 21, 2016
FLORES, NAHUN

Date: Apr. __, 2016
FRANCISCO-LOPEZ, PABLO

Date: Apr. 19, 2016
LEON, VICENTE

Date: Apr. 28, 2016
LUGO, FRANCISCO

Date: Apr. 18, 2016
ROBALLO, LUIS

Date: Apr. 19, 2016
RODRIGUEZ, ALFREDO

Date: Apr. __, 2016
SALINAS, ENRIQUE

Date: Apr. 20, 2016
URGILES, CHRISTIAN

Date: Apr. 19, 2016
XOCHIPILTECATL, VALENTIN

**DEFENDANTS:**

By: _____   Date: Apr. __, 2016
    STARJEM RESTAURANT CORP.

_____   Date: Apr. __, 2016
    MARION SCOTTO

_____   Date: Apr. __, 2016
    ANTHONY SCOTTO, JR.

-10-

**IN WITNESS WHEREOF,** the Parties hereto have executed, or caused their duly authorized officer, representative, or attorney to execute, this Agreement.

<u>**PLAINTIFFS:**</u>

_____ Date: Apr. __, 2016      _____ Date: Apr. __, 2016
**ALVARADO, PABLO**                               **LUGO, FRANCISCO**

_____ Date: Apr. __, 2016      _____ Date: Apr. __, 2016
**AMEZQUITA, JOSE**                               **ROBALLO, LUIS**

_____ Date: Apr. __, 2016      _____ Date: Apr. __, 2016
**CEDENO, ANGEL**                                 **RODRIGUEZ, ALFREDO**

_____ Date: Apr. __, 2016      _____ Date: Apr. __, 2016
**CERVANTES, MIGUEL**                             **SALINAS, ENRIQUE**

_____ Date: Apr. __, 2016      _____ Date: Apr. __, 2016
**FLORES, NAHUN**                                 **URGILES, CHRISTIAN**

_____ Date: Apr. __, 2016      _____ Date: Apr. __, 2016
**FRANCISCO-LOPEZ, PABLO**                        **XOCHIPILTECATL,**
                                                  **VALENTIN**
_____ Date: Apr. __, 2016
**LEON, VICENTE**

<u>**DEFENDANTS:**</u>

By: _____ Date: Apr. 20, 2016
**STARJEM RESTAURANT CORP.**

_____ Date: Apr. 20, 2016
**MARION SCOTTO**

_____ Date: Apr. 19, 2016
**ANTHONY SCOTTO, JR.**

-10-

4.     This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Starjem Restaurant Corp., including, without limitation, the terms and provisions of the Settlement Agreement.

5.     I hereby represent my understanding that upon Starjem Restaurant Corp.'s breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, New York County, as a judgment for Six Hundred Sixty-Five Thousand Eight Hundred Sixty-Two Dollars and Eighty-Eight Cents ($665,862.88) (less any amounts already paid), against Starjem Restaurant Corp.

6.     Plaintiffs and I agree that this Confession of Judgment shall be held confidentially and in escrow by Plaintiffs' attorneys and shall not be filed in any court unless and until Starjem Restaurant Corp. fails to cure a default as set forth in the Settlement Agreement. Upon full payment of the Settlement Payment, Plaintiffs, by and through their attorneys, shall return the original of the Confession of Judgment to counsel for Defendants and they shall not retain any copies thereof.

ANTHONY SCOTTO JR.

## CORPORATE ACKNOWLEDGEMENT

On *April 20th*, 2016, before me personally came Anthony Scotto, Jr., to me known, who, by me duly sworn, did depose and say that deponent resides at c/o 34 E. 52nd Street, New York, NY 10022, that deponent is the Secretary/Treasurer of Starjem Restaurant Corp, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of Starjem Restaurant Corp. and was authorized to do so.

Notary Public

*Commissioner of Deeds
City of New York
No. 5-1877
Commission expires 8/1/18*

# EXHIBIT A

## TOTAL INDIVIDUAL SETTLEMENT ALLOCATIONS

| Name | Total Individual Settlement Payments | Settlement Check 1<br>Net Amount Paid by 1099 to "Michael Faillace & Associates, P.C. As Attorneys for [Plaintiff]" (without tax withholdings) | Settlement Check 2<br>Gross Amount Paid by W-2 to each Plaintiff (less all applicable tax withholdings) |
|---|---|---|---|
| ALVARADO, PABLO | $32,000.00 | $21,333.33 | $10,666.67 |
| AMEZQUITA, JOSE | $7,625.00 | $5,083.33 | $2,541.67 |
| CEDENO, ANGEL | $17,147.00 | $11,431.33 | $5,715.67 |
| CERVANTES, MIGUEL | $33,300.00 | $22,200.00 | $11,100.00 |
| FLORES, NAHUN | $40,200.00 | $26,800.00 | $13,400.00 |
| FRANCISCO-LOPEZ, PABLO | $25,390.00 | $16,926.67 | $8,463.33 |
| LEON, VICENTE | $47,690.00 | $31,793.33 | $15,896.67 |
| LUGO, FRANCISCO | $13,595.00 | $9,063.33 | $4,531.67 |
| ROBALLO, LUIS | $30,915.00 | $20,610.00 | $10,305.00 |
| RODRIGUEZ, ALFREDO | $23,000.00 | $15,333.33 | $7,666.67 |
| SALINAS, ENRIQUE | $50,400.00 | $33,600.00 | $16,800.00 |
| URGILES, CHRISTIAN | $23,774.00 | $15,849.33 | $7,924.67 |
| XOCHIPILTECATL, VALENTIN | $9,300.00 | $6,200.00 | $3,100.00 |
| MICHAEL FAILLACE & ASSOCIATES, P.C. (amount subject to approval by the Court) | $264,080.46 | $264,080.46 (to "Michael Faillace & Associates, P.C.") | N/A |
| **TOTAL SETTLEMENT** | **$618,416.46** | $500,304.44 | $118,112.02 |

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

|  |  |
|---|---|
| ENRIQUE SALINAS, ALFREDO RODRIGUEZ, ANGEL CEDENO, CHRISTIAN URGILES, FRANCISCO LUGO, JOSE AMEZQUITA, LUIS ROBALLO, MIGUEL CERVANTES, NAHUN FLORES, PABLO ALVARADO, PABLO FRANCISCO-LOPEZ, VALENTIN XOCHIPILTECATL, and VICENTE LEON, individually and on behalf of others similarly situated,<br><br>                              Plaintiffs,<br><br>          -against-<br><br>STARJEM RESTAURANT CORP., (d/b/a FRESCO BY SCOTTO), MARION SCOTTO and ANTHONY SCOTTO,<br><br>                              Defendants. | Index No.:<br><br>**AFFIDAVIT OF CONFESSION OF JUDGMENT ON BEHALF OF STARJEM RESTAURANT CORP.** |

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss.: |
| COUNTY OF NEW YORK | ) |

ANTHONY SCOTTO, JR., being duly sworn, deposes and says:

1.      I reside in New York County at c/o 34 E. 52nd Street, New York, NY 10022. I am the Secretary/Treasurer of Starjem Restaurant Corp. and I am duly authorized to make this affidavit of confession of judgment on behalf of Starjem Restaurant Corp. Starjem Restaurant Corp. maintains its principal place of business at 34 E. 52nd Street, New York, NY 10022.

2.      Pursuant to the terms of the Settlement Agreement and General Release by and between (i) Enrique Salinas, (ii) Alfredo Rodriguez, (iii) Angel Cedeno, (iv) Christian Urgiles, (v) Francisco Lugo, (vi) Jose Amezquita, (vii) Luis Roballo, (viii) Miguel Caravantes, (ix) Nahun Flores, (x) Pablo Alvarado, (xi) Pablo Francisco-Lopez, (xii) Valentin Xochipiltecatl, and (xiii) Vicente Leon (each a "Plaintiff" and collectively, "Plaintiffs") and Starjem Restaurant Corp., Marion Scotto, and Anthony Scotto, Jr. (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against Starjem Restaurant Corp. and in favor of Plaintiffs for the sum of Six Hundred Sixty-Five Thousand Eight Hundred Sixty-Two Dollars and Eighty-Eight Cents ($665,862.88).

3.      This affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Starjem Restaurant Corp. is to submit a total sum of Six Hundred Eighteen Thousand Four Hundred Sixteen Dollars and Forty-Six Cents ($618,416.46) to Plaintiffs and Plaintiffs' Counsel payable as set forth in Sections, 4, 7 and Exhibit A of the Agreement.

4.      This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Starjem Restaurant Corp., including, without limitation, the terms and provisions of the Settlement Agreement.

5.      I hereby represent my understanding that upon Starjem Restaurant Corp.'s breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, New York County, as a judgment for Six Hundred Sixty-Five Thousand Eight Hundred Sixty-Two Dollars and Eighty-Eight Cents ($665,862.88) (less any amounts already paid), against Starjem Restaurant Corp.

6.      Plaintiffs and I agree that this Confession of Judgment shall be held confidentially and in escrow by Plaintiffs' attorneys and shall not be filed in any court unless and until Starjem Restaurant Corp. fails to cure a default as set forth in the Settlement Agreement. Upon full payment of the Settlement Payment, Plaintiffs, by and through their attorneys, shall return the original of the Confession of Judgment to counsel for Defendants and they shall not retain any copies thereof.

_____
ANTHONY SCOTTO JR.

## CORPORATE ACKNOWLEDGEMENT

On _____, 2016, before me personally came Anthony Scotto, Jr., to me known, who, by me duly sworn, did depose and say that deponent resides at c/o 34 E. 52nd Street, New York, NY 10022, that deponent is the Secretary/Treasurer of Starjem Restaurant Corp, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of Starjem Restaurant Corp. and was authorized to do so.

_____
Notary Public