UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ENRIQUE SALINAS, ALFREDO RODRIGUEZ, ANGEL CEDENO, CHRISTIAN URGILES, FRANCISCO LUGO, JOSE AMEZQUITA, LUIS ROBALLO, MIGUEL CERVANTES, NAHUN FLORES, PABLO ALVARADO, PABLO FRANCISCO-LOPEZ, VALENTIN XOCHIPILTECATL, and VICENTE LEON,

Plaintiffs,

-against-

STARJEM RESTAURANT CORP. d/b/a Fresco by Scotto, MARION SCOTTO, and ANTHONY SCOTTO,

Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/20/2016

13 Civ. 2992 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On May 3, 2013, Plaintiffs filed this action, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"). ECF No. 1. The Court conducted a six-day bench trial beginning on December 8, 2014, and Plaintiffs prevailed on the issue of liability. ECF No. 106. On March 8, 2016, the parties informed the Court that they had reached a settlement as to damages. ECF No. 121. The parties now jointly move for approval of the proposed settlement and an award of attorneys' fees and costs to Plaintiffs' counsel. ECF No. 125. For the reasons stated below, the motion is GRANTED.

**DISCUSSION**

I.  Proposed Settlement

Before approving a FLSA settlement, a district court "must scrutinize the settlement agreement to determine that the settlement is fair and reasonable." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012); *see also Cheeks v. Freeport Pancake House, Inc.*,

796 F.3d 199, 206 (2d Cir. 2015). In making this assessment, the court should consider the totality of the circumstances, including the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (internal quotation marks and citations omitted). Among other reasons, *see id.* at 336, courts should disapprove agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims, *Cheeks*, 796 F.3d at 206.

Here, the Court finds the proposed settlement to be fair and reasonable. First, the parties reached the settlement as a result of arm's-length negotiations following extensive discovery and a bench trial as to liability, with the assistance of a private mediator experienced in employment law. ECF No. 125 at 2-3. These negotiations resulted in a global settlement not only of this action, but also two other actions pending in this district in which Defendants face similar claims. *Id.* at 3 (noting that the matters "were jointly mediated in order to resolve all the pending wage and hour litigations completely and in a workable manner that Defendants would be able to fund"). Moreover, there is no evidence of fraud or collusion between the parties.

Second, according to the calculations of Plaintiffs' counsel, the proposed settlement would enable Plaintiff to recover approximately 60% of their maximum estimated damages. ECF No. 125 at 3. Specifically, under the settlement agreement, Plaintiffs would receive $354,336 in damages. *Id.* Plaintiffs estimate their maximum damages to be $501,050, assuming that the full amount of liquidated damages available under the FLSA and NYLL were to be awarded; without liquidated damages, Plaintiffs estimate their damages to be $307,022. *Id.* Although the proposed settlement amount is, therefore, less than Plaintiffs' maximum estimated

2

damages, Plaintiffs agreed to accept the settlement amount due to, *inter alia*, Defendants' potential inability to fund a larger settlement, based on Plaintiffs' review of Defendants' financial records and the anticipated awards against Defendants in the other pending actions resolved by the global settlement. *Id.* at 4.

Third, the proposed settlement would allow the parties to avoid the costs associated with continued litigation, including the preparation of submissions on damages. Fourth, the proposed settlement would provide certainty whereas continued litigation would carry risks. If litigation continues, the damages that Plaintiffs receive will be subject to the Court's determination, and Defendants' ability to satisfy a judgment could be reduced by payouts in the other pending actions against Defendants.

Finally, the proposed settlement agreement does not contain "highly restrictive confidentiality provisions," *Cheeks*, 796 F.3d at 206, though it does include a general release under which Plaintiffs release all claims against Defendants, including those unrelated to wage-and-hour violations. ECF No. 125-1 at 3. Although "overbroad" releases of claims are suspect and should normally be rejected, *Cheeks*, 796 F.3d at 206, the Court finds the release acceptable on the particular facts of this case, where, *inter alia*, the individual plaintiffs involved have reviewed and signed the settlement agreement, the case is not a collective action, there are no opt-in plaintiffs, and the parties have reached a global settlement following a bench trial as to liability and arms-length negotiations overseen by an experienced mediator.

In sum, having considered the *Wolinsky* factors and the totality of the circumstances, the Court finds the proposed settlement to be fair and reasonable and, therefore, approves the proposed settlement.

II.     Attorneys' Fees and Expenses

Plaintiffs also request an award of attorneys' fees in the amount of $236,224.00 and costs of $27,856.46. Under the FLSA, a prevailing plaintiff is entitled to reasonable attorneys' fees and expenses. 29 U.S.C. § 216(b). Awarding attorneys' fees in this context is meant to "encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." *Sand v. Greenberg*, No. 08 Civ. 7840, 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010). Indeed, "[b]ut for the separate provision of legal fees, many violations of the [FLSA] would continue unabated and uncorrected." *Id.* Moreover, "[i]n an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336.

An award of attorneys' fees in the amount of one-third of the settlement fund is "consistent with the norms of" similar litigation in the Second Circuit. *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 477, 482 (S.D.N.Y. 2013) (awarding one-third of a $4,900,000 fund in a FLSA and multi-state wage and hour case); *see also, e.g.*, *Tiro v. Pub. House Invs., LLC*, No. 11 Civ. 7679, 2013 WL 4830949, at *12, *16 (S.D.N.Y. Sept. 10, 2013) (awarding one-third of a $1,300,000 fund in a FLSA and NYLL case); *Febus v. Guardian First Funding Grp., LLC*, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) ("[A] fee that is one-third of the fund is typical, and courts in this district have awarded 33% of substantially larger settlement funds in similar combined FLSA–NYLL wage and tip class actions."). The award requested by Plaintiffs' counsel, however, would constitute 40 percent of the total settlement fund and result in an effective hourly rate of nearly $400 per hour, *see* ECF No. 125-3, which falls toward the high end of awards given in this district, *see Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 437

4

(S.D.N.Y. 2014) ("Courts in this District have determined in recent cases that a fee ranging from $250 to $450 is appropriate for experienced litigators in wage-and-hour cases." (internal quotation marks omitted)). Plaintiffs' counsel has not identified circumstances justifying a departure from these norms, and the Court therefore reduces the award to one-third of the settlement amount—that is, $177,168.00. The Court also approves the requested award of $27,856.46 in costs, which is reasonable and supported by documentation. *See* ECF No. 125-3.

## CONCLUSION

For the reasons stated above, the parties' motion for approval of the proposed settlement is GRANTED. The Court also approves an award to Plaintiffs' counsel of $177,168.00 in attorneys' fees and $27,856.46 in costs.

The Court shall retain jurisdiction over the settlement agreement for the purposes of enforcement and overseeing the distribution of settlement funds. The parties shall abide by all terms of the settlement agreement, which are incorporated herein, and this Order.

The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: May 20, 2016
       New York, New York

_____
ANALISA TORRES
United States District Judge